

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-15-957

| | |
|---|---|
| HANKOOK TIRE CO., LTD; and HANKOOK TIRE AMERICA CORP., A SUBSIDIARY OF HANKOOK TIRE CO., LTD; and KENNETH R. HEDRICK D/B/A HEDRICK TRUCKING; BAYOU RIDGE TRANSPORT, INC.; STILL KICK'N, INC.; and TOMMY NEW<br><br>APPELLANTS<br><br>V.<br><br>ELMER PHILPOT<br><br>APPELLEE | **Opinion Delivered** September 7, 2016<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. CV-2012-114]<br><br>HONORABLE TERRY SULLIVAN, JUDGE<br><br>APPEAL DISMISSED |

**CLIFF HOOFMAN, Judge**

Appellants Hankook Tire Company, Limited, and Hankook Tire America Corporation (collectively referred to as Hankook) appeal the entry of the July 23, 2015 order of the Conway County Circuit Court that assessed attorney fees against Hankook for its discovery obstruction, awarding the fees to appellee Elmer Philpot. Because we lack appellate jurisdiction over this appeal, we dismiss.

Hankook manufactures and distributes tires. Appellee Elmer Philpot was driving a dump truck that had a Hankook tire on it when the tire failed, Philpot lost control of the dump truck, and Philpot crashed and was injured. This case was initially filed in June 2012 in Conway County Circuit Court.

In more precise detail, Philpot alleged that Hankook manufactured the inherently

defective steel–belted tire "Hankook 385/65R 22.5 Super Single radial medium truck tire" and distributed it for sale in Arkansas. This tire was installed on the right front of a 1985 Ford 9000 dump truck, which was loaded with gravel and which Philpot was driving when the tire tread belt allegedly failed. Philpot alleged that Hankook was negligent in its design, testing, construction, and manufacture of the tire and in its failure to inspect the tire or warn of the defects that it knew or should have known to exist. Philpot contended that this tire was unfit and unsafe for its intended use and purpose and that Hankook breached an implied warranty. Philpot also sued his employer and the owner of the truck for failing to properly inspect and maintain the truck and thus providing defective equipment for Philpot's use.

Interrogatories and requests for production of documents were sent to Hankook in December 2012. A few non-confidential documents were produced in a timely fashion. In August 2013, Philpot filed a motion to compel answers to his fifty-three requests for production, seeking documents related to Hankook's tire design process, manufacturing process, prior knowledge and testing concerning tread separations in steel–belted radial medium truck tires, warranty return data and quality testing in those tires, and other similar incidents in those tires. Philpot contended that this information was directly relevant to the issues before the court but that Hankook had unilaterally and inappropriately limited the scope of discovery and was manifesting a "stonewall approach." Philpot argued that Hankook was objecting to any request about their general manufacturing process and only responding to queries as to the specific model of tire on this dump truck, only as to the plant in which this particular tire was manufactured, and only those documents created at or within a few years

of this particular tire's manufacture. Prior attempts to resolve this difference in opinion on the scope of discovery were not successful, Hankook's attorney noting that if the trial court's intervention was necessary, then so be it.

Philpot sought an order from the trial court compelling discovery pursuant to Ark. R. Civ. P. 37, noting that discovery is broader than solely evidence that will be admissible at trial. Philpot asked for Rule 37 sanctions for Hankook's unreasonable and unjustifiable refusal to comply with his reasonable, appropriate, and relevant discovery requests.

Hankook resisted in a response filed in September 2013, contending that it was providing reasonably related responses, translating Korean documents into English for Philpot, and otherwise legitimately objecting to revealing confidential trade secrets. Protective orders were put in place to protect the secrecy of company documents.

On October 17, 2013, a hearing was conducted on the motion to compel, and extensive discussion was had about what would constitute reasonable parameters for discovery. In an order filed on November 26, 2013, the trial court granted Philpot's motion to compel and ordered Hankook to produce documents related to all tires that it manufactured that used the same inner liner compound and/or the same belt skim and set specific time frames for particular discovery requests. Hankook was ordered to provide its document retention policies and other responsive documentation within forty-five days; it was ordered to translate any Korean documentation into English within ninety days.

On March 19, 2014, Philpot filed a "Motion For Sanctions For Spoliation And Concealment Of Evidence." A hearing was conducted on September 18, 2014, following

3

which the trial judge gave permission for the parties to submit post-hearing briefs and took the matter under advisement.

The trial judge issued a detailed letter order on January 21, 2015, in which he ordered that due to "the multiple hearings that have been necessitated because of the Defendants obtuse and unnecessary abuse of the discovery process," and "to deter any future similar conduct," Rule 37 sanctions would be imposed in the form of reasonable attorney fees. The trial judge found that the case had been pending for over two years, that Hankook initially responded to the multiple requests for information by providing a small stack of documents primarily in Korean, and then produced them in English only after a lengthy and exhaustive process. The letter order recited that:

> This Court previously made clear to the parties that it interpreted the Arkansas Rules of Civil Procedure and the discovery process to be quite liberal and the Court reiterated numerous times that it was the Court's belief that anything should be produced that could be relevant and possibly lead to discoverable information. This Court, at the request of Hankook, has even entered various confidentiality protective orders. This Court has previously rejected the narrow scope of discovery requested by Hankook and ordered a far more extensive scope of discovery than was sought by Hankook. …. Despite the wide scope of discovery under this Court's Order, Hankook produced virtually no pertinent documents in its January 10, 2014 supplemental response.

The trial court noted that it was empowered to assess sanctions for discovery abuse pursuant to Rule 37 when a party's conduct necessitates the motion, and furthermore that the trial court has the inherent authority to police the conduct of the parties and attorneys appearing before it.

The trial court declined to revoke the pro hac vice admission of one of Hankook's attorneys, found that Philpot had not produced a sufficient record to support that Hankook

4

intentionally destroyed or suppressed documents, and preliminarily declined to instruct the jury on spoliation of evidence.

The trial judge commanded Philpot to prepare a verified motion for attorney fees. In his motion, Philpot appended billing records to support his request for reasonable attorney fees of the three law firms representing him. Those requests were for $26,700 (Kelly Law Firm at $250 per hour); $35,700 (Kaster, Lynch, Farrar & Ball, LLP at $350 per hour); and $13,412.50 (Gordon, Carruth & Virden, PLC at $250 per hour), which was a total of $75,812.50. In response, Hankook argued that the total fee sought was not reasonable because much of the work was unnecessary, excessive, and duplicative; that some was unrelated to discovery; and that a reasonable total fee would not exceed $25,000 (about one-third of that requested). Hankook did not quarrel with the hourly rate but did quarrel with the number of hours assessed for pure motion–to–compel and motion–for–sanctions issues.

The trial judge issued an order awarding attorney fees on July 23, 2015, because Hankook's "conduct in obstructing discovery has been egregious .... [and] to deter further such obstruction of discovery in this matter." The trial court significantly reduced each firm's hours billed. The attorney fee awards were $18,787.50 to Kelly Law Firm; $17,125 to Kaster, Lynch, Farrar & Ball, LLP; and $7,112.50 to Gordon, Carruth & Virden, PLC–a total of $43,025. The trial court found that this sanction, which was much less than what was requested, was "justified under the circumstances." The order recited that "[t]his Order is a final Order for purposes of appeal," followed by the trial judge's signature. Appended to the end of this order was the following:

5



RULE 54(b) CERTIFICATE

Upon the basis of the foregoing factual findings, the Court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., and it has determined that there is no just reason for delay of the entry of a final judgment and that the Court has and does hereby direct that the judgment shall be a final judgment for all purposes.

A timely notice of appeal was filed, and this appeal followed.

Although neither party raises the issue, the question of whether an order is final and subject to appeal is a jurisdictional question, which the appellate court will raise sua sponte. *Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432; *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003). An appeal may be taken from a final judgment or decree entered by the circuit court, or from an order that in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action. Ark. R. App. P.–Civ. 2(a)(1) & 2(a)(2) (2015). The fundamental policy behind this rule is to avoid piecemeal appeals. *Cortese v. Atl. Richfield*, 320 Ark. 639, 898 S.W.2d 467 (1995). A final judgment is the cornerstone of appellate jurisdiction, and this requires that the order dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Robinson v. Villines*, 2012 Ark. 211. An order that recites that it is final for purposes of appeal does not make it so, and this order awarding attorney fees for discovery obstruction clearly does not end the litigation, dismiss the parties, or conclude their rights in this lawsuit.

Arkansas Rule of Appellate Procedure–Civil 2(a)(11) permits appeal when the order is not final but a valid Rule 54(b) certificate supports immediate appeal, which requires that the trial court make an express determination supported by specific factual findings that there

is no just reason for delay.  *See Robinson, supra.*  Our supreme court has held that the discretionary power of the trial court to direct finality is to be exercised infrequently and only in harsh cases.  *Id.*  When a certificate is void of specific factual findings as to the existence of danger of hardship or injustice that could be alleviated by an immediate appeal, the appellate court dismisses the appeal for lack of appellate jurisdiction.  *Id.*; *see also Stratton v. Ark. State Hwy. Comm'n*, 323 Ark. 740, 917 S.W.2d 538 (1996); *Davis v. Wausau Ins. Cos.*, 315 Ark. 330, 867 S.W.2d 444 (1993).  The Rule 54(b) certificate appended to the order on appeal is wholly lacking in supportive facts to permit immediate appeal of this order for attorney fees for discovery obstruction. The only specific findings of fact in the body of the order related to the factual underpinning of the reasonableness and amount of the attorney fee ultimately awarded.  The Rule 54(b) certificate was woefully inadequate.  *See Robinson, supra.*

Arkansas Rule of Appellate Procedure–Civil 2 also provides for specific other orders that may be appealed.  An order that strikes any pleading or disqualifies an attorney is appealable under Ark. R. App. P.–Civ. 2(a)(4) and 2(a)(8), but this order does not fit these qualifications because those discovery sanctions were not entered.  A civil or criminal contempt order that imposes a sanction and constitutes the final disposition of the contempt matter is appealable. Ark. R. App. P.–Civ. 2(a)(13).  Hankook's notice of appeal cited to the contempt-with-sanctions provision as the basis to invoke appellate jurisdiction, but the trial court here did not hold Hankook "in contempt," although it could have so determined as an appropriate sanction under Rule 37(b)(2)(D).  Rather, the trial court here entered an order for attorney fees for discovery obstruction.  This is not a final, appealable order.  *Compare Asset*

*Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119 (holding that the appellate court lacked jurisdiction over an interlocutory appeal of the denial of sanctions pursuant to Ark. R. Civ. P. 11); *Cooper Tire & Rubber Co. v. Phillips Cty. Circuit Court*, 2011 Ark. 183, __ S.W.3d __ (holding that the general rule is that interlocutory appeals of discovery matters are not appealable); *Ford Motor Co. v. Harper*, 353 Ark. 328, 107 S.W.3d 168 (2003) (same); *Farm Serv. Coop. of Fayetteville v. Cummings*, 262 Ark. 810, 561 S.W.2d 317 (1978) (same); Ark. R. App. P.–Civ. 2(f) (providing certain procedures to permit interlocutory appeals of privilege and work product matters). In sum, because the present appeal is of a non-final, non-appealable order, we lack jurisdiction to consider it.

Appeal dismissed.

GLADWIN, C.J., and BROWN, J., agree.

*Hardin, Jesson & Terry, PLC*, by: *Kirkman T. Dougherty* and *Kynda Almefty*, for appellants.

*Kelly Law Firm, P.A.*, by: *Jerry Kelly*; and *Gordon, Caruth & Virden, P.L.C.*, by: *Ben Caruth*, for appellee.