

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-16-40

|  |  |
|---|---|
| | Opinion Delivered December 14, 2016 |
| KRISTOPHER ALMEIDA<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-2013-1123-3] |
| V. | |
| METAL STUDS, INC. d/b/a DRYWALL CREWS, INC.<br>APPELLEE | HONORABLE THOMAS SMITH, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## BRANDON J. HARRISON, Judge

Kristopher Almeida appeals an order of the Benton County Circuit Court that entered monetary sanctions against him for failing to be present for a scheduled hearing. For reversal, he argues that the circuit court's setting of the hearing was not reduced to a written order and entered, so he cannot be sanctioned for not appearing. We hold that the order of sanctions in this particular case is not a final, appealable order and dismiss the appeal without prejudice.

In July 2013, Drywall Crews, Inc. (DCI), filed a complaint for injunctive and declaratory relief against Almeida.[1] The complaint alleged that Almeida, a former employee of DCI, had violated the parties' confidentiality and noncompetition agreement.

---

[1]Adrian Avalos was also a named defendant in this complaint, but he was dismissed without prejudice from the case in November 2013.

On 15 August 2013, the circuit court entered a preliminary injunction that ordered Almeida to return certain equipment to DCI and enjoined him from working for one of DCI's competitors. The injunction order took effect immediately and remained in effect "pending a superseding Order of this Court or until July 15, 2015, whichever is first." Almeida filed an answer on 29 August 2013; however, no further action was taken in the case for over a year.

In October 2014, DCI initiated discovery by filing a request for admissions. After several delays, Almeida filed a response to the request for admissions in January 2015. On 26 January 2015, DCI filed a motion for contempt, alleging that Almeida had "willfully and maliciously" violated the preliminary injunction. In February 2015, DCI and Almeida both filed motions to compel discovery. The court entered an order in June 2015 requiring both parties to provide discovery and to complete depositions within thirty days. The court set a hearing for July 16 to "address any remaining discovery issues and to proceed on Plaintiff's Motion for Contempt."

The July 16 hearing proceeded as scheduled, but because certain discovery was still not completed, including Almeida's deposition of Mr. Avalos, the court announced,

> [W]e're going to pick another day to finish this. And I'm going to let you do your deposition, notice him up, and do whatever you've got to do to get the rest of your deposition, and then you all can finish this. . . . I want all of your discovery done by August 31. . . . I'm going to take up and finalize this contempt part of this on August 28 at 1:15.

The court also found that the preliminary injunction would be extended to August 31 and concluded, "I'll see you all back August 28 at 1:15. I want all of that discovery done that you've told me needs to be finished."

On 27 August 2015, Almeida filed a "motion for continuance of docket call" requesting that the August 28 hearing be rescheduled. In the motion, Almeida's counsel claimed that he had learned about the scheduled hearing on August 26 and that the "new hearing date has caught Defendant and counsel by surprise." Counsel also argued that "no Order has ever been entered by the Court from the July 16 docket call regarding its rulings on discovery or the extension of the Preliminary Injunction." DCI opposed this motion and argued that the circuit court continued the contempt hearing until August 28 in open court, that this should not be a surprise to counsel or his client, and that the contempt hearing had already been continued several times to allow Almeida time to conduct discovery.

When the circuit court reconvened the hearing on August 28, Almeida was not in attendance. When asked why his client was not present, counsel said, "Because I didn't know we had a contempt hearing today." Counsel argued that there was "no docket entry . . . no order of anything," but the court stated, "When somebody is sitting right here in this courtroom, and they're given an order of the Court to come here at one o'clock on this date, with their client sitting right there, they need to have their butt here." Counsel later acknowledged that he thought the hearing date was August 31 and that he was "terribly sorry." But he also asserted that Arkansas Rule of Civil Procedure 58 requires a written order to be entered to be effective.

The court imposed a sanction of "$3,500 in fees, for him not showing up" and also awarded travel and hotel expenses for Avalos, who had traveled from Texas for the hearing. The court explained,

He's sanctioned today, because we all sat here, set this hearing right here on this calendar, as we sat here, to come back and finish the hearing. Made it clear we were coming back here. That's why he's sanctioned today; because he's not here, and should have been here. . . . [W]hether he would've gotten a written order or not, the order of the court that he heard was to be here. It's in the transcript.

On 9 September 2015, the court entered a written order that stated, "The Court enters monetary sanctions against Defendant for failing to be present on August 28, 2015. The sanctions consist of $3,500.00 for attorney's fees and $1,198.00 representing the air fare and hotel accommodations of Plaintiff's witness, Adrian Avalos, for a total of $4,698.00." The court also continued the contempt hearing again to 25 September 2015. Almeida moved the court to reconsider the sanctions, but the court did not rule on the motion. Almeida appeals.

No party has raised the issue, but whether an order is final and appealable is a jurisdictional question that we will raise on our own. *See Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432. Almeida states that this is "an appeal from an order of the circuit court imposing monetary sanctions for civil contempt" and that our jurisdiction is proper pursuant to Rule 2(a)(13) of the Arkansas Rules of Appellate Procedure–Civil (2015). Rule 2(a)(13) provides that an appeal may be taken from "[a] civil or criminal contempt order, which imposes a sanction and constitutes the final disposition of the contempt matter."

As a threshold issue, we must determine whether this is a "civil or criminal contempt order" from which an appeal can be taken. Neither the circuit court's oral pronouncement nor the written order make a finding that Almeida is "in contempt." We understand that, from Almeida's perspective, the court's sanction and cost award for

SLIP OPINION

Almeida's failing to appear at the continued hearing could look like a contempt finding. But we hesitate to take that step with him given the order before us.

In the recent case of *Hankook Tire Co. v. Philpot*, 2016 Ark. App. 386, ___ S.W.3d ___, the circuit court issued an order awarding attorney's fees against Hankook for osbtructing discovery, and Hankook appealed this order citing the contempt-with-sanctions provision of Ark. R. App. P.–Civ. 2(a)(13). We dismissed the appeal, however, and explained, "[T]he trial court here did not hold Hankook 'in contempt,' although it could have so determined as an appropriate sanction under Rule 37(b)(2)(D). Rather, the trial court here entered an order for attorney fees for discovery obstruction. This is not a final, appealable order." *Id.* at 7, ___ S.W.3d at ___. Granting that this case is a unique one in the current case law, *Hankook* is analogous to this case because we have no actual finding of contempt but do have a sanction by the court. Consequently, we hold that the order imposing sanctions on Almeida is not a final, appealable order and therefore dismiss the appeal without prejudice.

Dismissed without prejudice.

GRUBER and HOOFMAN, JJ., agree.

*Law Office of Joel E. Cape, PLC*, by: *Joel E. Cape*, for appellant.

*Mostyn Prettyman, PLLC*, by: *Joshua Q. Mostyn*, for appellee.