
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III
**No.** CV-16-40

| | |
|---|---|
| | Opinion Delivered March 8, 2017 |
| KRISTOPHER ALMEIDA<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-2013-1123-3] |
| V. | |
| METAL STUDS, INC. d/b/a DRYWALL CREWS, INC.<br>APPELLEE | HONORABLE THOMAS SMITH, JUDGE |
| | SUBSTITUTED OPINION ON GRANT OF REHEARING; AFFIRMED |

## BRANDON J. HARRISON, Judge

On 14 December 2016, we issued an opinion that dismissed this appeal for lack of a final, appealable order. *Almeida v. Metal Studs, Inc.*, 2016 Ark. App. 602, ___ S.W.3d ___. Almeida petitioned for rehearing and asked this court to reconsider the decision. We accept his invitation, grant the rehearing petition, and issue this substituted opinion on the merit of his argument.

Kristopher Almeida appeals an order of the Benton County Circuit Court that entered monetary sanctions against him for failing to appear at a scheduled hearing. He argues that he cannot be sanctioned for not appearing at the rescheduled hearing because the circuit court did not reduce the setting to a written order and file it.

The procedural history of the circuit court case gives context to Almeida's appeal. In July 2013, Drywall Crews, Inc. (DCI), filed a complaint for injunctive and declaratory

SLIP OPINION

relief against Almeida.[1]  The complaint alleged that Almeida, a former employee of DCI, had violated the parties' confidentiality and noncompetition agreement.  In August 2013, the circuit court entered a preliminary injunction that ordered Almeida to return certain equipment to DCI and enjoined him from working for one of DCI's competitors.  The injunction order took effect immediately and remained in effect "pending a superseding Order of this Court or until July 15, 2015, whichever is first."  Almeida answered in August 2013.  No further action was taken in the case for more than one year.

In October 2014, DCI initiated discovery by filing a request for admissions.  After several delays, Almeida filed a response to the request for admissions in January 2015.  In late January 2015, DCI filed a motion for contempt, alleging that Almeida had "willfully and maliciously" violated the preliminary injunction.  Not long thereafter, DCI and Almeida filed motions to compel discovery.  The court entered an order in June 2015 requiring both parties to provide discovery and to complete depositions within thirty days.  The court set a hearing for July 16 to "address any remaining discovery issues and to proceed on Plaintiff's Motion for Contempt."

The July 16 hearing convened as scheduled; but because certain discovery was still not completed, including Almeida's deposition of Mr. Avalos, the court announced,

> [W]e're going to pick another day to finish this. And I'm going to let you do your deposition, notice him up, and do whatever you've got to do to get the rest of your deposition, and then you all can finish this. . . . I want all of your discovery done by August 31. . . . I'm going to take up and finalize this contempt part of this on August 28 at 1:15.

---

[1] Adrian Avalos was also a named defendant, but he was dismissed without prejudice from the case in November 2013.

The court also found that the preliminary injunction would be extended to August 31 and concluded, "I'll see you all back August 28 at 1:15. I want all of that discovery done that you've told me needs to be finished."

On 27 August 2015, Almeida filed a "motion for continuance of docket call" requesting that the August 28 hearing be rescheduled. In the motion, Almeida's counsel claimed that he had learned about the scheduled hearing on August 26 and that the "new hearing date has caught Defendant and counsel by surprise." Counsel also argued that "no Order has ever been entered by the Court from the July 16 docket call regarding its rulings on discovery or the extension of the Preliminary Injunction." DCI opposed this motion and argued that the circuit court continued the contempt hearing until August 28 in open court, that this should not be a surprise to counsel or his client, and that the contempt hearing had already been continued several times to allow Almeida time to conduct discovery.

When the circuit court reconvened the hearing on August 28, Almeida did not show. When asked why his client was not present, counsel said, "Because I didn't know we had a contempt hearing today." Counsel argued that there was "no docket entry . . . no order of anything," but the court stated, "When somebody is sitting right here in this courtroom, and they're given an order of the Court to come here at one o'clock on this date, with their client sitting right there, they need to have their butt here." Counsel later acknowledged that he thought the hearing date was August 31 and that he was "terribly sorry." But he also argued that Arkansas Rule of Civil Procedure 58 required the court to enter a written order before his client could be sanctioned for not appearing at the rescheduled hearing.

The court imposed a sanction of "$3,500 in fees, for him not showing up" and also awarded travel and hotel expenses for Avalos, who had traveled from Texas for the hearing. The court explained,

> He's sanctioned today, because we all sat here, set this hearing right here on this calendar, as we sat here, to come back and finish the hearing. Made it clear we were coming back here. That's why he's sanctioned today; because he's not here, and should have been here. . . . [W]hether he would've gotten a written order or not, the order of the court that he heard was to be here. It's in the transcript.

On 9 September 2015, the court entered a written order stating, "The Court enters monetary sanctions against Defendant for failing to be present on August 28, 2015. The sanctions consist of $3,500.00 for attorney's fees and $1,198.00 representing the air fare and hotel accommodations of Plaintiff's witness, Adrian Avalos, for a total of $4,698.00." The court also continued the contempt hearing again to 25 September 2015. Almeida moved the court to reconsider the sanctions, but it did not rule on the motion.

Here, Almeida argues only that court orders must be in writing and be entered in accordance with Administrative Order No. 2 to become effective. He essentially says that he cannot be in contempt because the court's "announcements" at the close of the July 16 hearing—including the next hearing date on August 28—were not reduced to a "written, definite order." In other words, Almeida views the oral pronouncement as an invalid order. He cites *Exigence, LLC v. Baylark*, 2010 Ark. 306, 367 S.W.3d 550, where our supreme court reversed the imposition of sanctions and the striking of an answer after Exigence failed to comply with a discovery order. In that case the circuit court orally ordered Exigence to provide discovery within twenty days on September 15, but an order to that effect was not

SLIP OPINION

entered until October 8. The October 8 order also set a deadline of October 5, which had already passed. Under those circumstances, the supreme court held:

> It is clear to this court from the September 15 hearing that the circuit court wanted the discovery provided within twenty days from the hearing, but an order to that effect still had to be entered to be effective. Rule 58 of the Arkansas Rules of Civil Procedure provides that a judgment or decree is effective only when set forth on a separate document and entered as provided in Arkansas Supreme Court Administrative Order No. 2. Ark. R. Civ. P. 58 (2009). . . . This court has made it clear that a judgment or decree is not effective until it has been "entered" as provided in Rule 58 and Administrative Order No. 2. [citations omitted]. . . . In this case, the order requiring the documents to be produced by October 5 was not entered and thus did not become effective until October 8, thus making it impossible for Exigence to comply with the order. Because the order was not timely entered and is deficient on its face, a violation of that order cannot not [sic] be a proper basis for the award of sanctions.

*Exigence*, 2010 Ark. 306, at 12–13, 367 S.W.3d at 556–57.

Almeida's sole argument on appeal is that, like Exigence, he was sanctioned for an order that was "not even written, let alone entered," so the circuit court's sanctions in this case should be reversed. DCI claims that Almeida was obligated to attend the August 28 hearing and that a written order was not required to compel his attendance. It also contends that Almeida's absence was either criminal or civil contempt.

The circuit court's decision to continue and reschedule a hearing in open court does not fall within the ambit of Arkansas Rule of Civil Procedure 58. The rescheduled hearing was set for a specific day, a specific time, on the record in open court, and with Almeida and his counsel present. No subsequent written order memorializing the court's setting was required to compel Almeida's attendance given the circumstances. We therefore decline to reverse the sanctions order that resulted from Almeida's absence during the August 28 hearing.

Affirmed.

VIRDEN, GLOVER, WHITEAKER, and MURPHY, JJ., agree.

GRUBER, C.J., dissents.

**RITA W. GRUBER, Chief Judge, Dissenting.** Because I believe that our court lacks jurisdiction to hear this appeal, I respectfully dissent. The question of whether an order is final and subject to appeal is a jurisdictional question, which the appellate court will raise sua sponte. *Hankook Tire Co., Ltd. v. Philpot*, 2016 Ark. App. 386, at 6, 499 S.W.3d 250, 253. An appeal may be taken from a "final judgment or decree entered by the circuit court" or from an order that in effect "determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action." Ark. R. App. P.–Civ. 2(a)(1), 2(a)(2) (2016). The fundamental policy behind this rule is to avoid piecemeal appeals. *Hankook, supra*. A final judgment is the cornerstone of appellate jurisdiction, and this requires that the order dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.*

The trial court in *Hankook* granted appellee's motion to compel discovery and for sanctions pursuant to Ark. R. Civ. P. 37. Appellant's notice of appeal cited contempt with sanctions as the basis to invoke appellate jurisdiction. *Hankook*, 2016 Ark. App. 386, at 7, 499 S.W.3d at 254. We noted that the trial court did not hold appellant in contempt—although it could have done so—but simply assessed attorney's fees for discovery obstruction, and we found that a Rule 54(b) certificate appended to the order lacked

supportive facts to permit an immediate appeal of the order.[1]  *Id*. Because the appeal was taken from a non-final, non-appealable order, we found that we lacked jurisdiction to consider it.  *Id*. at 8, 499 S.W.3d at 254.

When Mr. Almeida failed to appear at the contempt hearing, the trial court assessed sanctions against him.  The court did not hold him in contempt, and the contempt hearing itself was continued to a future date. This was an interim sanction based on Mr. Almeida's failure to appear, and there is no 54(b) certificate to permit immediate appeal.  Our court originally dismissed the case without prejudice, drawing an analogy to *Hankook*, and held that the trial court's order imposing sanctions against Mr. Almeida was not a final, appealable order.  I am still of that viewpoint, and I would deny the petition for rehearing.

*Law Office of Joel E. Cape, PLC*, by: *Joel E. Cape*, for appellant.

*Mostyn Prettyman, PLLC*, by: *Joshua Q. Mostyn*, for appellee.

---

[1]Arkansas Rule of Appellate Procedure–Civil 2(a)(11) permits appeal when the order is not final but a valid Rule 54(b) certificate supports immediate appeal, which requires that the trial court make an express determination supported by specific factual findings that there  is no just reason for delay.  *Id*. at 6–7, 499 S.W.3d at 253.