Rita W. Gruber, Chief Judge, Dissenting. Because I believe that our court lacks jurisdiction to hear this appeal, I respectfully dissent. The question of whether an order is final and subject to appeal is a jurisdictional question, which the appellate court will raise sua sponte. Hankook Tire Co., Ltd. v. Philpot, 2016 Ark. App. 386, at 6, 499 S.W.3d 250, 253. An appeal may be taken from a “final judgment or decree entered by the circuit court” or from an order that in effect “determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action.” Ark. R. App. P.-Civ. 2(a)(1), 2(a)(2) (2016). The fundamental policy behind this rule is to avoid piecemeal appeals. Hankook, supra. A final judgment is the cornerstone of appellate jurisdiction, and this requires that the order dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Id. The trial court in Hankook granted ap-pellee’s motion to compel discovery and for sanctions pursuant to Ark. R. Civ. P. 37. Appellant’s notice of appeal cited contempt with sanctions as the basis to invoke appellate jurisdiction. Hankook, 2016 Ark. App. 386, at 7, 499 S.W.3d at 254. We noted that the trial court did not hold appellant in contempt—although it could have done so—but simply assessed attorney’s fees for discovery obstruction, and we found that a Rule 54(b) certificate appended to the order lacked 17supportive facts to permit an immediate appeal of the order.[1] Id. Because the appeal was taken from a non-final, non-appealable order, we found that we lacked jurisdiction to consider it. Id. at 8, 499 S.W.3d at 254. When Mr. Almeida failed to appear at the contempt hearing, the trial court assessed sanctions against him. The court did not hold him in contempt, and the contempt hearing itself was continued to a future date. This was an interim sanction based on Mr. Almeida’s failure to appear, and there is no 54(b) certificate to permit immediate appeal. Our court originally dismissed the case without prejudice, drawing an analogy to Hankook, and held that the trial court’s order imposing sanctions against Mr. Almeida was not a final, ap-pealable order. I am still of that viewpoint, and I would deny the petition for rehearing. . Arkansas Rule of Appellate Procedure-Civil 2(a)(ll) permits appeal when the order is not final but a valid Rule 54(b) certificate supports immediate appeal, which requires that the trial court make an express determination supported by specific factual findings that there is no just reason for delay. Id. at 6-7, 499 S.W.3d at 253.