Josephine Linker Hart, Justice, dissenting. The citizens of Arkansas have reserved through our constitution the right to appeal a circuit-court decision. It is the best—perhaps the only-way to ensure that when a citizen goes to court in Miller County, he or she gets roughly the same justice that a litigant receives in Greene County. I am therefore troubled when appellate courts of this state employ procedural bars to escape from having to consider a citizen’s appeal on the merits. This court took this case on review because the court of appeals, as part of a disturbing trend, employed yet another procedural bar to avoid deciding this case on the merits. As one experienced appellate attorney recently noted in a .petition for review in Almeida v. Metal Studs, Inc., 2016 Ark. App. 602, 2016 WL 7231928, superseded on rehearing by 2017 Ark. App. 162, 516 S.W.3d 279, 2017 WL 946717, that the court of appeals continued to abuse the finality doctrine despite our decisions on review in Moore v. Moore, 2016 Ark. 105, 486 S.W.3d 766, and Davis v. Davis, 2016 Ark. 64, 487 S.W.3d 803. I am therefore troubled that the majority has resorted to the same procedural bar to dispose of this case. The majority uses the so-called Pearrow bar, first announced in Pearrow v. Feagin, 300 Ark. 274, 778 S.W.2d 941 (1989). The Pearrow court held that when a trial court announces alternative grounds for a ruling, both rationales must be addressed on appeal or the point will |?be summarily affirmed. In my view, the court of appeals— and the majority—has misapplied the Pe-arrow bar. The circuit court disposed of Ms. Jones’s complaint for five enumerated reasons: (1) res judicata; (2) collateral estoppel; (3) lack of standing; (4) “failure to state a claim upon which relief may be granted”; and (5) law of the case. In my view, Ms. Jones addressed all of these grounds, though admittedly, not with equal clarity of precision. The majority, albeit in a footnote, acknowledges that Ms. Jones addressed res judicata and collateral estop-pel. Likewise, Ms. Jones clearly challenges the circuit court’s finding that she lacked standing. She argues that her right to assert a cause of action for replevin arose when she was actually deprived of her property. Under Arkansas law, to have standing, “one must have an interest which has been adversely affected or rights which have been invaded.” See 2 David Newbern & John J. Watkins, Civil Practice and Procedure § 20:4 (4th ed.). Regarding the circuit court’s finding that Ms. Jones failed to state a claim upon which relief may be granted, it should be noted that she was pursuing a cause of action for replevin. Replevin is defined in pertinent part as “an action for the repossession of personal property wrongfully taken or detained by the defendant.” Re-plevin, Black’s Law Dictionary (10th ed. 2014). On appeal, Ms. Jones argued: Because the judgment lien was satisfied by conveyance of the real property to Appellee Miller prior to the execution of the writ of execution, Appellee Gerald Robinson’s taking of the vehicles, though done in good faith, constituted wrongful taking of the vehicles and entitles Appellants to issuance of replevin for the return of all four vehicles as well as damages from Appellee Miller. Clearly, Ms. Jones has challenged the circuit court’s finding that she did not state a cause of faction for replevin. Finally, in United Food & Commercial Workers International Union v. Wal-Mart Stores, Inc., 2016 Ark. 397, 504 S.W.3d 573 (Goodson, J., concurring) the law-of-the-case doctrine is described as follows: [T]he doctrine of law of the case prohibits a court from reconsidering issues of law or fact that have already been decided on appeal. The doctrine provides that a decision of an appellate court establishes the law of the case for trial upon remand and for the appellate court itself upon subsequent review. The doctrine serves to effectuate efficiency and finality in the judicial process, and its purpose is to maintain consistency and to avoid reconsideration of matters once decided during the course of a single, continuing lawsuit. Id. at 13, 504 S.W.3d at 580 (citations omitted). I note that the prior appeal in this case involved Ms. Jones’s unsuccessful attempt to intervene in a divorce case between Thomas Jones and Kimberly Jones Miller. Because she was not allowed to intervene, the case before us is not the same “continuing lawsuit.” The lawsuit had different parties, different subject matter, and was an attempt to assert an entirely different legal theory for relief. While I readily acknowledge that Ms. Jones did not use the thaumaturgic phrase “law of the case,” I cannot ignore what she argues on appeal, Clearly, the issues sought to be resolved in the Petition for Writ of Replevin are not those sought in either the divorce proceedings or those of Appellant Robinson’s Motion to Intervene. (1) The intervention was to prevent the taking of the vehicles and to return them. They had not yet been taken; (2) the replevin is the first instance of moving the Court to return property wrongfully taken; (3) because the vehicles had not been taken, it would be impossible for the trial court to determine whether they should be returned; and (4) finding that Appellant Robinson lacked standing to intervene, was not essential to the determination of whether the vehicles were wrongfully taken because Appellant T. Jones was not represented at either the procedures determining the sale of the real property to Appellee Miller fully satisfied the Supplemental Decree and Final Judgment or at the hearing on intervention. In short, the only issue that Ms. Jones attempted to appeal in Robinson v. Miller, 2014 Ark. App. 144, and Robinson v. Miller, 2014 Ark. App. 539,[3] was the circuit court’s denial of her motion to intervene. As Ms. Jones argues, she could not possibly anticipate that the circuit court would dismiss her replevin action when the factual predicate for it had yet to accrue. Accordingly, Ms. Jones has addressed all of the circuit court’s reasons for dismissing her case. She is entitled to have her case decided on the merits. I therefore respectfully dissent. . The court of appeals summarily affirmed Ms. Jones’s appeal in these cases after she failed to provide an abstract that, in their opinion, conformed to Arkansas Supreme Court Rule 4-2. I am proud that I played a role in ameliorating the harshest of Arkansas’s procedural bars, summaiy affirmance of a case for a "flagrantly deficient abstract,” under Rule 4-2. In practice, this bar had become an excuse for avoiding the merits when ever an appellant’s abstract, in the largely subjective opinion of the appellate court judges did not suit them. While the revised version of Rule 4-2 did not eliminate summary affirmance for failure to follow our abstracting requirements, it at least gave an appellant an opportunity to correct a flawed abstract. Unfortunately, Rule 4-2 did play a pivotal role in this case.