Cite as 2024 Ark. App. 571

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-474

| | |
|---|---|
| PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE | Opinion Delivered November 20, 2024 |
| APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-21-781] |
| V. | |
| BRANDON ADAMS | HONORABLE JOHN C. THREET, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

This interlocutory appeal arises out of the circuit court's February 3, 2023 "Order on Motions" (the "Subject Order") in which the circuit court (1) granted appellee Brandon Adams's motion to enforce court order and motion for sanctions, imposed a "sanction fee in the amount of $5,000" against appellant Privilege Underwriters Reciprocal Exchange ("Privilege"), and awarded Adams $2,500 in attorneys' fees and costs under Arkansas Rule of Civil Procedure 37; (2) denied Privilege's motion for summary judgment; and (3) denied Privilege's motion for protective order, which sought to bar Adams from taking any depositions.

Adams argues that the only immediately appealable portion of the Subject Order is the imposition of a "sanction fee in the amount of $5,000" against Privilege. We agree with

Adams that the denial of Privilege's motion for summary judgment and the denial of Privilege's motion for protective order should be dismissed for lack of jurisdiction. However, as discussed hereafter, we will also address the merits of the court's award of attorneys' fees. We affirm the circuit court's contempt finding, including both the sanction fee of $5,000 and the $2,500 in attorneys' fees and costs under Rule 37.

This is an insurance-coverage action in which Adams sued Privilege, his insurer, for failing to provide him a defense in a lawsuit filed against Adams and several other individuals and entities in the Circuit Court of Jefferson County, Arkansas, Case No. 35CV-18-1077. Privilege answered Adams's coverage complaint on June 3, 2021, denying that it owed Adams a duty to defend the Jefferson County lawsuit and asserting a number of the subject policies' exclusions as affirmative defenses to coverage.

On August 20, 2021, Adams served written discovery on Privilege. After two extensions of time, on October 26, 2021, Privilege finally served objections and responses to Adams's discovery requests. As to many of these requests, Privilege refused to provide any substantive response or documents and, instead, objected to Adams's discovery. On December 14, 2021, Adams moved to compel Privilege to respond and produce documents. Privilege responded to that motion, and Adams filed a reply.

On February 9, 2022, the circuit court held a hearing on Adams's motion to compel. At the conclusion of the hearing, the circuit court stated that it would grant that motion. The order granting Adams's motion to compel was entered on February 22, 2022. The circuit court specifically ordered Privilege, within twenty-one days, to provide full and complete

responses to Adams's interrogatories, to provide a supplemental privilege log containing specified information, and to produce all nonprivileged, responsive documents that Adams had sought in his requests for production. Privilege was also ordered to pay Adams's attorneys' fees and costs in the amount of $2,000.

Privilege produced its supplemental interrogatory answers and supplemental privilege log on March 2, 2022. However, these supplemental answers and privilege log did not comply with the circuit court's February 2022 discovery order. As such, Adams began conferring again in good faith with Privilege to obtain the information the circuit court had ordered Privilege to provide, including discussing the possibility of Privilege's voluntarily producing fact witnesses for deposition rather than providing their contact information as the circuit court had ordered in response to Adams's Interrogatory No. 1. Privilege refused to amend its privilege log, provide full and complete answers to Adams's interrogatories, or produce any witnesses for deposition.

Instead, on April 20, 2022, Privilege moved for summary judgment. Adams then filed his "Motion to Enforce Court Order and Motion for Sanctions and Incorporated Brief" on April 25, 2022. Privilege filed its response to Adams's sanctions motion on May 5, 2022. In its response, Privilege did not contend that it had complied with the February 2022 discovery order. Privilege's motion for summary judgment, Adams's motion for sanctions, and Privilege's motion for protective order were then fully briefed, with responses and replies from both sides.

On December 20, 2022, the circuit court held a hearing on Adams's motion for sanctions and Privilege's motions for summary judgment and for protective order. At the conclusion of the hearing, the circuit court announced that it would sanction Privilege for its failure to comply with the circuit court's February 2022 discovery order. From the bench, the circuit court made specific findings that Privilege had failed to comply with the provisions of that order requiring Privilege to amend its privilege log to provide sufficient information to allow the circuit court and Adams to evaluate Privilege's claims of attorney-client privilege and work-product protection and to fully answer Adams's interrogatories.

The circuit court further found that Privilege had offered to produce witnesses for deposition--an offer it never fulfilled by scheduling any deposition--rather than fully answer Adams's Interrogatory No. 1, solely as a "stall tactic" to allow it time to file its motion for summary judgment. The circuit court specifically rejected any argument that Privilege's filing its motion for summary judgment excused Privilege from complying with the February 2022 discovery order.

On February 3, 2023, the circuit court entered the Subject Order, which granted Adams's motion for sanctions and denied Privilege's motions for summary judgment and protective order. As to the motion for sanctions, the Subject Order mandated that Privilege (1) fully comply with the February 2022 discovery order; (2) provide a meaningful privilege log that would allow the circuit court and Adams to determine the basis for any privilege claimed; and (3) provide available dates and locations for depositions of all individuals whom Privilege had disclosed in discovery or in its privilege log.

The Subject Order also required Privilege to "remit payment to Mr. Adams a sanction fee in the amount of $5,000 and pursuant to Rule 37 of the Arkansas Rules of Civil Procedure, attorneys' fees and costs in the amount of $2,500.00." In support of its order, the circuit court attached and adopted its findings and conclusions announced from the bench.

On February 16, 2023, Privilege moved for reconsideration of the Subject Order. Adams responded to Privilege's motion for reconsideration, and Privilege filed a reply. The circuit court did not rule on Privilege's motion for reconsideration within thirty days of its filing, so it was deemed denied on March 20, 2023. Ark. R. App. P.–Civ. 4(b)(1). Privilege timely filed its notice of appeal on April 13, 2023.

Before we turn to the merits of the appeal, we must first address our jurisdiction and standard of review. Adams filed his motion for sanctions under Rule 37 of the Arkansas Rules of Civil Procedure. Rule 37 contains several subsections. Subsection (a) addresses motions to compel discovery; subsection (b) addresses situations in which a party fails to comply with a court order; subsection (c) addresses expenses when a party fails to admit; subsection (d) addresses when a party fails to attend a deposition or serve answers to interrogatories or respond to requests for inspection; and subsection (e) addresses when a party fails to supplement its responses.

Here, the circuit court found that Privilege had failed to comply with its previous order. Rule 37(b) provides the following in relevant part:

> (b) *Failure to Comply with Order.*
>
> . . . .

5

(2) *Sanctions by Court in Which Action Is Pending.* If a party or an officer, director or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) *In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination*;

Ark. R. Civ. P. 37 (emphasis added).

Adams cites *Hankook Tire Co., Ltd. v. Philphot*, 2016 Ark. App. 386, 499 S.W.3d 250, in which we dismissed the entire appeal for lack of finality. However, *Hankook* is distinguishable from the facts of this case because in *Hankook*, the circuit court did not specifically find that it was awarding fees because Hankook failed to follow the circuit court's previous order. Instead, it stated that it was awarding fees for "discovery obstruction." In other words, if a party fails to comply with an order, the circuit court can treat the matter as contempt of court and issue sanctions for contempt according to Rule 37(b)(2)(D).

6

Both parties cite Arkansas Rule of Appellate Procedure–Civil 2(a)(13) and *Almeida v. Metal Studs, Inc.*, 2017 Ark. App. 162, 516 S.W.3d 279. Similar to the facts here, the circuit court in *Almeida* sanctioned him without using the word "contempt" but explained that Almeida was sanctioned because he failed to follow the court's order. Almeida was orally instructed by the circuit court to appear for a contempt hearing. When he failed to appear, the court imposed a sanction of $3,500 in fees for failing to appear, continued the contempt hearing for another date, and stated the following:

> He's sanctioned today, because we all sat here, set this hearing right here on this calendar, as we sat here, to come back and finish the hearing. Made it clear we were coming back here. That's why he's sanctioned today; because he's not here, and should have been here . . . . [W]hether he would've gotten a written order or not, the order of the court that he heard was to be here. It's in the transcript.

*Almeida*, 2017 Ark. App. 162, at 4, 516 S.W.3d at 281.

Because we find the facts are more similar to those of *Almeida* in which the court found that the sanction was issued because Almeida failed to follow a court order, we agree with the parties that we have jurisdiction under Rule 2(a)(13).[1] Adams contends that we have jurisdiction to hear this appeal under Rule 2(a)(13), but he argues that the only issue before us is the $5,000 "sanction fee" and not the $2,500 awarded in attorneys' fees. We disagree and hold that fees imposed as a sanction are properly before us in this appeal. We agree that

---

[1]Pursuant to Ark. R. App. P.–Civ. 2(a)(13), a final, appealable contempt order "imposes a sanction and constitutes the final disposition of the contempt matter." An order of contempt is not final and appealable when no sanctions have been imposed. *Shafer v. Est. of Shafer*, 2010 Ark. App. 476. An order merely announcing the court's determination of the rights of the parties but contemplating further judicial action is not appealable. *Id.*

any other issues, such as the denial of the motion for summary judgment or protective order, are not properly before us in this interlocutory appeal from a contempt order in which a sanction was imposed.[2]

Generally, in order to establish contempt, there must be willful disobedience of a valid order of a court. *Kilman v. Kennard*, 2011 Ark. App. 454, 384 S.W.3d 647. Contempt is a matter between the court and the litigant, and not between the two opposing litigants. *Id.* Before one can be held in contempt for violating the court's order, the order must be definite in its terms, clear as to what duties it imposes, and express in its commands. *Id.* Contempt is divided into criminal contempt and civil contempt. *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.,* 356 Ark. 440, 156 S.W.3d 228 (2004). The standard of review on appeal depends on whether the contempt sanction was civil or criminal in nature. *Id.*

Criminal contempt preserves the power of the court, vindicates its dignity, and punishes those who disobey its orders. *Id.* Civil contempt protects the rights of private parties by compelling compliance with orders of the court made for the benefit of private parties. *Id.* The line between civil and criminal contempt may blur at times. *Id.* We have previously

---

[2]The denial of a motion for summary judgment is neither reviewable nor appealable except in limited circumstances--none of which apply here. *See Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996); *Hutchens v. Bella Vista Vill. Prop. Owners' Ass'n, Inc.*, 82 Ark. App. 28, 110 S.W.3d 325 (2003). Further, Rule 2 of the Arkansas Rules of Appellate Procedure–Civil provides that the supreme court may, in its discretion, permit an appeal from an order denying a motion for a protective order, but the necessary requirements were not completed in the case before us. *See* Ark. R. App. P.–Civ. 2(f)(1) ("A petition for permission to appeal must be filed with the Supreme Court within 14 calendar days after the order is entered.").

given a concise description of the two concepts, noting that criminal contempt punishes while civil contempt coerces. *Kilman*, *supra*. Therefore, the focus is on the character of relief rather than the nature of the proceeding. *Id.*

Here, the circuit court imposed a fine and fees that were to be paid to Adams. A contempt fine for willful disobedience that is payable to the complainant is remedial and therefore constitutes a fine for civil contempt. *Omni Holding & Dev. Corp.*, 356 Ark. 440, 156 S.W.3d 228; *see also Applegate v. Applegate*, 101 Ark. App. 289, 275 S.W.3d 682 (2008). In *Omni Holding & Development Corp.*, the supreme court affirmed a circuit court's decision to impose a $75,000 fine for civil contempt that was payable to the appellee. Thus, our standard of review for civil contempt is whether the finding of the circuit court is clearly against the preponderance of the evidence. *Id.*

In this case, Privilege refused to comply with a valid discovery order from the circuit court because Privilege disputed Adams's entitlement to the discovery underlying that order. Instead, Privilege moved for summary judgment, attempting to render moot that prior discovery order. The circuit court rightly held Privilege in contempt for its willful disobedience of the circuit court's February 2022 discovery order and imposed a fine of $5,000. Once the February 2022 discovery order was entered, Privilege was required to comply with that order, not question the propriety of that order or when Privilege should comply with it. The circuit court's imposition of the $5,000 contempt sanction against Privilege is not clearly against the preponderance of the evidence.

On March 28, when Adams asked for deposition dates for three employees, Privilege refused, saying it first needed to "schedule a time to discuss the parameters of these depositions." That same email stated that a different attorney would be entering an appearance pro hac vice in the case and would be providing deposition dates. Deposition dates were never provided. Follow-up requests for deposition dates were included in Adams's counsel's correspondence dated April 15 and April 20 along with statements forecasting Adams's expected length of time the depositions would take and a general description of the topics. This was done even though Adams was not required by the rules to provide this information. *See* Ark. R. Civ. P. 30.

Privilege likewise failed to answer Interrogatory Nos. 2 and 3, which sought information regarding Privilege's expert witnesses, and Interrogatory Nos. 5 through 8, which were contention interrogatories. Rather than providing deposition dates, any proposed "parameters" for these fact witnesses, or answers to other interrogatories, Privilege instead moved for summary judgment, seeking a disposition of the case before it provided even one deposition date or complied with the circuit court's order on written discovery. Rather than defend its compliance with the circuit court's February 2022 order, Privilege asserted that its motion for summary judgment should be granted, thereby mooting the prior discovery order, and that it should be granted a protective order in the interim, barring Adams from seeking further discovery or depositions.

Privilege took a similar position at the hearing on the motion to enforce the February 2022 discovery order and for sanctions, spending most of its time criticizing Adams's

conduct in discovery and the propriety of his requests rather than defending its efforts to comply with the February 2022 order that already required Privilege to comply with Adams's requests. On this record, substantial evidence supports the circuit court's imposition of a contempt sanction on Privilege for its willful disobedience of the February 2022 discovery order.

The circuit court was unequivocal in finding at the December 2022 hearing that it was sanctioning Privilege for its violation of the February 2022 discovery order:

> But we also had a court order, and that Court order was not being followed. The Court is going to sanction [Privilege] *for costs and attorneys' fees associated with just the Motion today for the discovery, as well as a $5,000 fine to be paid within 30 days.* The Court order to be complied with this time instead of [Privilege] determining when or if, and then filing another Motion saying we're not going to comply with that Court order because we filed a Motion for Summary Judgment, it could moot the Court order that we've already been ordered to do.

(Emphasis added.)

The circuit court then went on to explain that Privilege had disobeyed its February 2022 order by failing to provide contact information for the witnesses identified in response to Interrogatory No. 1 and by failing to provide a privilege log with sufficient information to allow the circuit court and Adams to evaluate the claim of attorney-client privilege and work-product protection. Thus, we hold that the circuit court did not clearly err in holding Privilege in contempt. The circuit court had ample authority to use its contempt powers to enforce its February 2022 discovery order. We affirm the finding of contempt, the $5,000 sanction fee, and the $2,500 attorneys' fees and costs.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Kutak Rock LLP*, by: *Caleb S. Sugg*; and *Lewis Brisbois Bisgaard & Smith LLP*, by: *Kelsey L. McLean*, pro hac vice, and *Danny L. Worker*, pro hac vice, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Judy Simmons Henry, Scott A. Irby*, and *Michael A. Thompson*, for appellee.