

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–13–518

| | |
|---|---|
| | **Opinion Delivered** February 26, 2014 |
| OLLYE ROBINSON<br>**APPELLANT**<br><br>V.<br><br>KIMBERLY JONES MILLER<br>**APPELLEE** | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. DR–2007-129-3]<br><br>HONORABLE WILLIAM BENTON, JUDGE<br><br>REBRIEFING ORDERED |

## ROBIN F. WYNNE, Judge

In the divorce case between Thomas Jones and appellee Kimberly Jones Miller, Miller obtained a $20,687.75 judgment against her ex-husband and sought to satisfy the judgment by filing a writ of execution on four vehicles that he allegedly owned. In this one-brief appeal, Ollye Robinson appeals from the circuit court's order denying her motion to intervene as to a Corvette and lifting the stay of the writ of execution, which allowed Miller to proceed with her writ of execution as to all four vehicles. On appeal, Robinson argues that she is the owner of the vehicles and "has become a victim of the taking of her property without adequate compensation, and the Appellee has become unjustly enriched." We cannot reach the merits at this time due to briefing deficiencies and therefore order rebriefing.

SLIP OPINION

In a supplemental decree and final order entered March 6, 2008, the circuit court disposed of Jones's and Miller's property. Included in the order was a finding that Miller was "entitled to judgment against [Jones] in the sum of $20,687.75, for medical expenses and loss of earnings intentionally caused by [Jones] due to acts of domestic violence perpetrated upon [Miller]." After the sale of real property contemplated in the supplemental decree, Jones owed Miller $20,187.75. The Jefferson County Circuit Clerk issued a writ of execution on October 27, 2011. The writ directed the Sheriff of Jefferson County to take possession of four vehicles belonging to Jones: a 1986 Chevrolet Corvette, VIN # 1G1YY0782G5111470; a 1995 Ford Explorer, VIN # 1FMDU24X3SUB3881; a 1996 Mercedes C Class, VIN # WDBHA22E1TF401805; and a 1990 Volvo 740, VIN # YV1FA8842L3482867. On November 14, 2011, Robinson filed a motion to intervene, claiming that she had an ownership interest in the Ford Explorer, the Mercedes, and the Volvo.

The court suspended the enforcement of the writ of execution, and a hearing was held on appellant's motion to intervene on February 14, 2012. At the hearing, appellant testified that she had bought the Ford from Thomas Jones for $1000; the Mercedes from Willie Edwards for $500 on April 10, 2010; and the Volvo from Danny Jenkins for $1500 on May 22, 2010. As bills of sale, appellant offered into evidence the affidavits of Willie Edwards and Danny Jenkins. She also offered a document from the assessor's office showing the four vehicles (including the Corvette) listed in her name. On cross-examination, appellant conceded that she had titled the four vehicles in her name only after the writ of execution had been filed.

Miller testified that she owned the Ford Explorer at issue; she had not sold it to Jones and appellant for $280 as indicated on the title; the signature on the title was not her signature; and that she had purchased the vehicle from Salvage Direct, and when the title never arrived in the mail, she had to file for a duplicate title. A second hearing was held on March 26, 2013. Appellant testified and again claimed to be the owner of the vehicles in question. The court ruled from the bench that appellee could execute on the Corvette and on the other three vehicles, "subject to the right for [appellant] to make claim to those vehicles with the Sheriff."

On April 8, 2013, appellant filed a notice of claim to place the sheriff on notice of her equitable claim in the three vehicles. On April 10, 2013, the court entered an order denying appellant's motion to intervene with respect to the 1986 Chevrolet Corvette; lifting the stay of the writ of execution; ordering the sheriff to proceed with seizing the four vehicles;[1] and enjoining each party from disposing of or removing from the court's jurisdiction any of the vehicles. Appellant timely appealed from this order.

The appellant's brief is not in compliance with Rule 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals (2013). First, the abstract condenses approximately seventy pages of transcript to less than five pages, and it fails to give the court adequate information to understand the case. For example, the abstract omits entirely several arguments and motions by counsel, contains only a brief summary of the ruling by the court from the bench, and omits the testimony by the appellee at the second hearing. We also

---

[1]The Corvette is addressed separately from the other three vehicles. The order provided that the Sheriff seize the Ford, Mercedes, and Volvo "subject to all requirements of Arkansas Code Ann. § 16-66-211."

note that the abstract does not include the addendum pages where the referenced exhibits appear, as required by Rule 4–2(a)(5)(A), and the page numbers in the addendum are cut off on most pages. In addition, the addendum must contain copies of documents in the record that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4–2(a)(8). In this case, there are documents that should have been included in the addendum but were not (e.g., appellee's response to appellant's motion to intervene).

Appellant has fifteen days from the date of this opinion to file a substituted abstract, addendum, and brief that comply with our rules. Ark. Sup. Ct. R. 4–2(b)(3) (2013). Failure to do so within the prescribed time may result in affirmance. *Id*. We remind counsel that the examples we have noted are not to be taken as an exhaustive list of deficiencies. We encourage counsel, before filing the substituted brief, abstract, and addendum, to review our rules to ensure that no additional deficiencies are present.

Rebriefing ordered.

PITTMAN and BROWN, JJ., agree.

*William M. Howard, Jr.*, for appellant.

No response.