

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–13–518

|  |  |
|---|---|
| | **Opinion Delivered** October 8, 2014 |
| OLLYE ROBINSON | APPEAL FROM THE JEFFERSON |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. DR–2007–129–3] |
| V. | |
| | HONORABLE WILLIAM BENTON, |
| | JUDGE |
| KIMBERLY JONES MILLER | |
| APPELLEE | AFFIRMED |

**ROBIN F. WYNNE, Judge**

This case returns to us following a rebriefing order. *Robinson v. Miller*, 2014 Ark. App.
144. In the opinion ordering rebriefing, we noted several specific deficiencies in appellant's
abstract and addendum:

> [T]he abstract condenses approximately seventy pages of transcript to less than five pages, and it fails to give the court adequate information to understand the case. For example, the abstract omits entirely several arguments and motions by counsel, contains only a brief summary of the ruling by the court from the bench, and omits the testimony by the appellee at the second hearing. We also note that the abstract does not include the addendum pages where the referenced exhibits appear, as required by Rule 4-2(a)(5)(A), . . . In addition, the addendum must contain copies of documents in the record that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(8). In this case, there are documents that should have been included in the addendum but were not (e.g., appellee's response to appellant's motion to intervene).

> Appellant has fifteen days from the date of this opinion to file a substituted abstract, addendum, and brief that comply with our rules. Ark. Sup. Ct. R. 4-2(b)(3) (2013). Failure to do so within the prescribed time may result in affirmance. *Id*. We remind counsel that the examples we have noted are not to be taken as an exhaustive

list of deficiencies. We encourage counsel, before filing the substituted brief, abstract, and addendum, to review our rules to ensure that no additional deficiencies are present.

*Id.* at 3–4.

As we stated in the previous opinion, if, after having the opportunity to cure any deficiencies, an appellant fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment may be affirmed for noncompliance with the rule. Ark. Sup. Ct. R. 4-2(b)(3) (2013). In the present case, counsel has made only minimal changes to the brief as originally filed and has failed to correct all the examples of deficiencies noted in our opinion ordering rebriefing. The abstract still does not contain all material information recorded in the transcript, as required by Ark. Sup. Ct. R. 4-2(a)(5), including the testimony of the appellee at the second hearing. In the addendum, counsel has added the 2007 divorce decree, which is not included in the record on appeal.[1] Counsel has also failed to include the response to the motion to intervene, which this court noted was an example of a document that should have been included in the original addendum.

Based on the above, we affirm the order of the circuit court for noncompliance with Rule 4-2.

Affirmed.

HARRISON and GLOVER, JJ., agree.

*William M. Howard, Jr.*, for appellant.

No response.

---

[1]Rule 4-2(a)(8) of the Rules of the Arkansas Supreme Court and Court of Appeals provides that the addendum shall not contain any document or material that is not in the record.