

Cite as 2016 Ark. App. 317

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-15-989

THOMAS JONES AND OLLYE MAE
ROBINSON JONES

APPELLANTS

V.

KIMBERLY MILLER AND GERALD
ROBINSON, SHERIFF OF JEFFERSON
COUNTY, ARKANSAS

APPELLEES

Opinion Delivered June 8, 2016

APPEAL FROM THE JEFFERSON
COUNTY CIRCUIT COURT
[NO. 35DR-07-129]

HONORABLE DONALD EUGENE
BISHOP, JUDGE

AFFIRMED

## LARRY D. VAUGHT, Judge

Appellants Thomas Jones and Ollye Mae Robinson Jones (the Joneses) appeal the order entered by the Jefferson County Circuit Court dismissing, with prejudice, their petition for replevin filed against appellees Kimberly Miller and Jefferson County Sheriff Gerald Robinson. The trial court's order found that the petition was barred by the doctrines of law of the case, res judicata, and collateral estoppel; that the Joneses lacked standing; and that the petition failed to state a cause upon which relief could be granted. On appeal, the Joneses contend that the trial court erred in finding that res judicata and collateral estoppel bar their claim. Because the Joneses challenge only two of the five independent grounds supporting the trial court's order, we summarily affirm.

Thomas and Kimberly were divorced by decree in October 2007. In March 2008, the trial court entered a supplemental decree and final order that, among other things, awarded Kimberly a $20,687.75 judgment against Thomas. After the sale of real property contemplated

in the supplemental decree, the judgment was reduced to $20,187.75. The Jefferson County Circuit Clerk issued a writ of execution on October 27, 2011, directing Sheriff Robinson to take possession of four vehicles owned by Thomas.

In November 2011, Ollye Mae[1] filed a motion to intervene, claiming that she had an ownership interest in three of the vehicles subject to the writ of execution. The court suspended the enforcement of the writ, and two hearings were held on her motion to intervene. Thereafter, in April 2013, the trial court entered an order denying Ollye Mae's motion to intervene with respect to one of the vehicles; lifting the stay of the writ of execution; ordering the sheriff to proceed with seizing the four vehicles; and enjoining each party from disposing of or removing from the court's jurisdiction any of the vehicles. Ollye Mae timely appealed from this order to our court, arguing that she was the owner of the vehicles, that her property had been taken without adequate compensation, and that Kimberly had become unjustly enriched. *Robinson v. Miller*, 2014 Ark. App. 144. Due to briefing deficiencies in the abstract and addendum, we ordered rebriefing, warning Ollye Mae that the failure to file a compliant brief may result in affirmance. *Id.* at 4.

Ollye Mae refiled her brief with our court; however, she made minimal changes and failed to correct all the examples of deficiencies. As such, in an opinion dated October 8, 2014, we affirmed the trial court's order based on noncompliance with Ark. Sup. Ct. R. 4-2. *Robinson v. Miller*, 2014 Ark. App. 539, at 2. We denied Ollye Mae's petition for rehearing on November 19, 2014.

---

[1] At this time, Ollye Mae was not married to Thomas.

On March 25, 2015, Ollye Mae and Thomas[2] filed a petition for replevin seeking possession of the four vehicles. They contend that the judgment Thomas owed Kimberly was satisfied by the conveyance of real property to her; therefore, the four vehicles had been wrongfully taken from them. On July 31, 2015, the trial court entered an order dismissing, with prejudice, the Joneses' replevin petition. The trial court's order found that the petition was barred by the doctrines of the law of the case, res judicata, and collateral estoppel; that the Joneses lacked standing; and that the petition failed to state a cause upon which relief can be granted. The Joneses timely appealed from the order dismissing their replevin petition with prejudice.

On appeal, the Joneses address only two of the five grounds given by the trial court in reaching its decision to dismiss the petition for replevin. They challenge the trial court's findings that res judicata and collateral estoppel bar their claim, but they do not challenge the trial court's findings that the law of the case, the lack of standing, and the failure to state a claim also bar their claim. Where the trial court bases its decision on two or more independent grounds and appellant challenges fewer than all of the grounds, the appellate court will affirm without addressing either. *Coleman v. Regions Bank*, 364 Ark. 59, 64, 216 S.W.3d 569, 573 (2005) (citing *Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002); *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989)). Consequently, the Joneses' arguments cannot be examined because they did not challenge the other three independent grounds that the trial court relied on in making its decision to dismiss their petition for replevin. Accordingly, we summarily affirm.

---

[2] Ollye Mae and Thomas are now married.

Affirmed.

VIRDEN and HOOFMAN, JJ., agree.

*Thomas T. Jones*, pro se appellant.

*Ollye Mae Robinson-Jones*, pro se appellant.

*McKissic & Associates, PLLC*, by: *Jackie B. Harris*, for appellee Gerald Robinson, Sheriff, Jefferson County, Arkansas.