SLIP OPINION

Cite as 2017 Ark. 190

# SUPREME COURT OF ARKANSAS

No. CV–16–554

| | |
|---|---|
| THOMAS JONES[1]; OLLYE MAE ROBINSON JONES<br><br>APPELLANTS<br><br>V.<br><br><br>KIMBERLY JONES MILLER AND GERALD ROBINSON, SHERIFF OF JEFFERSON COUNTY, ARKANSAS<br>APPELLEES | **Opinion Delivered** May 25, 2017<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35DR–07–129]<br><br>HONORABLE WILLIAM BENTON, JUDGE<br><br>AFFIRMED; COURT OF APPEALS' OPINION VACATED. |

**KAREN R. BAKER, Associate Justice**

This case stems from a replevin action in Jefferson County Circuit Court. Appellants Thomas Jones[1] and Ollye Mae Robinson Jones appeal from the circuit court's dismissal of their petition for replevin of four vehicles that were ordered to be sold to satisfy a judgment against Thomas that had been obtained by the appellee Kimberly Jones Miller, Thomas's ex-wife, in connection with their divorce.

The underlying litigation stems from a divorce action between Thomas and Kimberly. On October 25, 2007, the circuit court entered a decree of divorce. On March 6, 2008, the circuit court entered a supplemental decree and final order that awarded Kimberly a $20,687.75 judgment against Thomas. On July 17, 2008, the circuit court entered a report

---

[1]Ollye Mae Robinson Jones notified the court via written letter that Thomas Jones had passed away on September 23, 2016.

SLIP OPINION

of public sale where Kimberly purchased the certain real and personal property for $1,000. On July 17, 2008, the circuit court entered an order confirming the sale. After the sale of certain real and personal property contemplated in the supplemental decree, the judgment was reduced to $20,187.75. Pursuant to the March 6, 2008 order, the Jefferson County Circuit Clerk issued a writ of execution on October 27, 2011, directing appellee, Sheriff Gerald Robinson, to take possession and sell four vehicles owned by Thomas — a 1986 Chevrolet Corvette, a 1995 Ford Explorer, a 1996 Mercedes C Class, and a 1990 Volvo 740 — to satisfy Thomas's indebtedness to Kimberly.

On November 14, 2011, Ollye Mae, who was not married to Thomas at the time, filed a motion to intervene, claiming that she had an ownership interest in three of the vehicles subject to the writ of execution. On December 6, 2011, the circuit court suspended the enforcement of the writ. On April 10, 2013 and June 4, 2013, respectively, the circuit court entered orders denying Ollye Mae's motion to intervene with respect to the Corvette; lifting the stay of the writ of execution; ordering the sheriff to proceed with seizing the four vehicles; and enjoining each party from disposing of, or removing from the court's jurisdiction, any of the vehicles. Both the April 10, 2013 and June 4, 2013 orders indicate that a hearing was held on the motion to intervene.

Ollye Mae timely appealed from the denial of the motion to intervene to the court of appeals, arguing that she was the owner of the vehicles, that her property had been taken without adequate compensation, and that Kimberly had become unjustly enriched. *Robinson v. Miller*, 2014 Ark. App. 144. Ollye Mae's brief contained deficiencies, rebriefing was

SLIP OPINION

ordered, and after rebriefing was ordered, on October 8, 2014, the court of appeals affirmed the circuit court based on noncompliance with Ark. Sup.Ct. R. 4-2. *Robinson v. Miller*, 2014 Ark. App. 539, at 2.

On March 25, 2015, in the same domestic relations case, Ollye Mae and Thomas filed a petition for replevin in the Jefferson County Circuit Court seeking possession of the four vehicles. In their complaint, they asserted that the judgment Thomas owed Kimberly was satisfied by the real and personal property awarded to Kimberly, and accordingly, the four vehicles had been wrongfully taken from them. On July 31, 2015, the circuit court entered an order dismissing with prejudice their replevin petition. The circuit court found that the petition was barred by the doctrines of law of the case, res judicata, and collateral estoppel; that Ollye Mae and Thomas lacked standing; and that the petition failed to state a cause upon which relief can be granted. The circuit court's order stated in its entirety:

ORDER OF DISMISSAL WITH PREJUDICE

A review of the file in the above-captioned matter reflects a petition for writ of replevin filed March 25, 2015 by Thomas Jones and Ollye Mae Robinson Jones. The file further reflects an answer to the petition for writ of replevin by Gerald Robinson, Jefferson County Sheriff; through his attorney, Jackie B. Harris. From a review of the pleadings and the entire file in this matter, the court finds that the petition for writ of replevin has been improperly brought before this court and is barred by the law of the case, due to an appeal to the Arkansas Court of Appeals which affirmed this court's previous ruing. In addition, the court finds that this petition is barred by res judicata, collateral estoppel, lack of standing, and fails to state a claim upon which relief can be granted.

THEREFORE, the petition for writ of replevin filed March 25, 2015 by Thomas Jones and Ollye Mae Robinson-Jones, be, and it hereby is dismissed with prejudice.

SLIP OPINION

Ollye Mae and Thomas timely appealed from the order dismissing with prejudice their replevin petition to the court of appeals, which summarily affirmed the circuit court. *Jones v. Miller*, 2016 Ark. App. 317. On October 20, 2016, we granted Ollye Mae's petition for review. When this court grants a petition for review, we treat the appeal as if it had been originally filed in this court. *McNutt v. Yates*, 2013 Ark. 427, 430 S.W.3d 91. From the circuit court's order, Ollye Mae and Thomas present one issue on appeal: whether the circuit court erred in finding that res judicata and collateral estoppel require dismissal of this case.

## Standard of Review

Equity cases are reviewed de novo. *See ConAgra, Inc. v. Tyson Foods, Inc.*, 342 Ark. 672, 30 S.W.3d 725 (2000). This means the entire case is open for review. *Id.* Findings of fact by the circuit court in equity cases are governed by our clearly erroneous standard. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the circuit court to judge the credibility of witnesses." Ark. R. Civ. P. 52(a). In determining whether the circuit court clearly erred in a finding, the appellate court may look to the whole record to reach that decision. *See ConAgra*; *Stehle v. Zimmerebner*, 375 Ark. 446, 455–56, 291 S.W.3d 573, 580 (2009).

## Point on Appeal

### Res Judicata and Collateral Estoppel

On appeal, Ollye Mae and Thomas challenge the circuit court's ruling with regard to res judicata and collateral estoppel. However, when a circuit court bases its decision on more

than one independent ground, as the circuit court did here when it dismissed Ollye Mae and Thomas's replevin petition, and Ollye Mae and Thomas challenge fewer than all those grounds on appeal, we will affirm without addressing any of the grounds. *Evangelical Lutheran Good Samaritan Soc'y v. Kolesar*, 2014 Ark. 279, at 6–7; *Duke v. Shinpaugh*, 375 Ark. 358, 290 S.W.3d 591 (2009); *Coleman v. Regions Bank*, 364 Ark. 59, 216 S.W.3d 569 (2005); *Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002); *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989).  Here, Ollye Mae and Thomas address only two of the five grounds given by the circuit court in reaching its decision to dismiss the replevin complaint. They challenge the circuit court's findings that res judicata and collateral estoppel bar her claim but do not challenge the circuit court's findings that the law of the case, the lack of standing, and the failure to state a claim also bar their claim.  Because Ollye Mae and Thomas did not challenge all the grounds that the circuit court  relied on in making its decision, we affirm without addressing the merits.  Accordingly, we summarily affirm the circuit court's dismissal of Ollye Mae and Thomas's replevin action.

Affirmed; court of appeals' opinion vacated.[2]

---

[2]From the record in this matter, it is clear that prior to filing her replevin action, Ollye Mae fully litigated her claim to the vehicles and therefore her replevin action is barred based on res judicata. *See Jayel Corp. v. Cochran*, 366 Ark. 175, 178, 234 S.W.3d 278, 281(2006)(internal citations omitted) ("The doctrine of res judicata bars relitigation of a subsequent suit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. Res judicata bars not only the relitigation of claims that were actually litigated in the first suit, but also those that could have been litigated. Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies.").

SLIP OPINION

Special Justice AJ KELLY joins in this opinion.

HART, J., dissents.

WYNNE, J., not participating.

**JOSEPHINE LINKER HART, Justice, dissenting.** The citizens of Arkansas have reserved through our constitution the right to appeal a circuit-court decision. It is the best—perhaps the only—way to ensure that when a citizen goes to court in Miller County, he or she gets roughly the same justice that a litigant receives in Greene County. I am therefore troubled when appellate courts of this state employ procedural bars to escape from having to consider a citizen's appeal on the merits.

This court took this case on review because the court of appeals, as part of a disturbing trend, employed yet another procedural bar to avoid deciding this case on the merits. As one experienced appellate attorney recently noted in a petition for review in *Almeida v. Metal Studs, Inc.*, 2016 Ark. App. 602, *superseded on rehearing by* 2017 Ark. App. 162, that the court of appeals continued to abuse the finality doctrine despite our decisions on review in *Moore v. Moore*, 2016 Ark. 105, 486 S.W.3d 766, and *Davis v. Davis*, 2016 Ark. 64, 487 S.W.3d 803. I am therefore troubled that the majority has resorted to the same procedural bar to dispose of this case.

The majority uses the so-called *Pearrow* bar, first announced in *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989). The *Pearrow* court held that when a trial court announces alternative grounds for a ruling, both rationales must be addressed on appeal or the point will

be summarily affirmed. In my view, the court of appeals—and the majority—has misapplied the *Pearrow* bar.

The circuit court disposed of Ms. Jones's complaint for five enumerated reasons: (1) res judicata; (2) collateral estoppel; (3) lack of standing; (4) "failure to state a claim upon which relief may be granted"; and (5) law of the case. In my view, Ms. Jones addressed all of these grounds, though admittedly, not with equal clarity of precision. The majority, albeit in a footnote, acknowledges that Ms. Jones addressed res judicata and collateral estoppel. Likewise, Ms. Jones clearly challenges the circuit court's finding that she lacked standing. She argues that her right to assert a cause of action for replevin arose when she was actually deprived of her property. Under Arkansas law, to have standing, "one must have an interest which has been adversely affected or rights which have been invaded." *See* 2 David Newbern & John J. Watkins, Civil Practice and Procedure § 20:4 (4th ed.).

Regarding the circuit court's finding that Ms. Jones failed to state a claim upon which relief may be granted, it should be noted that she was pursuing a cause of action for replevin. Replevin is defined in pertinent part as "an action for the repossession of personal property wrongfully taken or detained by the defendant." *Replevin*, Black's Law Dictionary (10th ed. 2014). On appeal, Ms. Jones argued:

> Because the judgment lien was satisfied by conveyance of the real property to Appellee Miller prior to the execution of the writ of execution, Appellee Gerald Robinson's taking of the vehicles, though done in good faith, constituted wrongful taking of the vehicles and entitles Appellants to issuance of replevin for the return of all four vehicles as well as damages from Appellee Miller.

Clearly, Ms. Jones has challenged the circuit court's finding that she did not state a cause of

action for replevin.

Finally, in *United Food & Commercial Workers International Union v. Wal-Mart Stores, Inc.*, 2016 Ark. 397, 504 S.W.3d 573 (Goodson,J., concurring) the law-of-the-case doctrine is described as follows:

> [T]he doctrine of law of the case prohibits a court from reconsidering issues of law or fact that have already been decided on appeal. The doctrine provides that a decision of an appellate court establishes the law of the case for trial upon remand and for the appellate court itself upon subsequent review. The doctrine serves to effectuate efficiency and finality in the judicial process, and its purpose is to maintain consistency and to avoid reconsideration of matters once decided during the course of a single, continuing lawsuit.

*Id*. at 13, 504 S.W.3d at 580 (citations omitted). I note that the prior appeal in this case involved Ms. Jones's unsuccessful attempt to intervene in a divorce case between Thomas Jones and Kimberly Jones Miller. Because she was not allowed to intervene, the case before us is not the same "continuing lawsuit." The lawsuit had different parties, different subject matter, and was an attempt to assert an entirely different legal theory for relief. While I readily acknowledge that Ms. Jones did not use the thaumaturgic phrase "law of the case," I cannot ignore what she argues on appeal,

> Clearly, the issues sought to be resolved in the Petition for Writ of Replevin are not those sought in either the divorce proceedings or those of Appellant Robinson's Motion to Intervene. (1) The intervention was to prevent the taking of the vehicles and to return them. They had not yet been taken; (2) the replevin is the first instance of moving the Court to return property wrongfully taken; (3) because the vehicles had not been taken, it would be impossible for the trial court to determine whether they should be returned; and (4) finding that Appellant Robinson lacked standing to intervene, was not essential to the determination of whether the vehicles were wrongfully taken because Appellant T. Jones was not represented at either the procedures determining the sale of the real property to Appellee Miller fully satisfied the Supplemental Decree and Final Judgment or at the hearing on intervention.

In short, the only issue that Ms. Jones attempted to appeal in *Robinson v. Miller*, 2014 Ark. App. 144, and *Robinson v. Miller*, 2014 Ark. App. 539,[3] was the circuit court's denial of her motion to intervene. As Ms. Jones argues, she could not possibly anticipate that the circuit court would dismiss her replevin action when the factual predicate for it had yet to accrue.

Accordingly, Ms. Jones has addressed all of the circuit court's reasons for dismissing her case. She is entitled to have her case decided on the merits. I therefore respectfully dissent.

*Thomas T. Jones* and *Ollye Mae Robinson-Jones*, pro se appellants.

*McKissic & Associates, PLLC*, by: *Jackie B. Harris*, for appellee Gerald Robinson, Sheriff, Jefferson County.

---

[3]The court of appeals summarily affirmed Ms. Jones's appeal in these cases after she failed to provide an abstract that, in their opinion, conformed to Arkansas Supreme Court Rule 4–2.

I am proud that I played a role in ameliorating the harshest of Arkansas's procedural bars, summary affirmance of a case for a "flagrantly deficient abstract," under Rule 4–2. In practice, this bar had become an excuse for avoiding the merits when ever an appellant's abstract, in the largely subjective opinion of the appellate court judges did not suit them. While the revised version of Rule 4–2 did not eliminate summary affirmance for failure to follow our abstracting requirements, it at least gave an appellant an opportunity to correct a flawed abstract. Unfortunately, Rule 4–2 did play a pivotal role in this case.