KAREN R. BAKER, Associate Justice [,This case stems from a replevin action in Jefferson County Circuit Court. Appellants Thomas Jones[1] and Ollye Mae Robinson Jones appeal from the circuit court’s dismissal of their petition for replevin of four vehicles that were ordered to be sold to satisfy a judgment against Thomas that had been obtained by the appellee Kimberly Jones Miller, Thomas’s ex-wife, in connection with their divorce. The underlying litigation stems from a divorce action between Thomas and Kimberly. On October 25, 2007, the circuit court entered a decree of divorce. On March 6, 2008, the circuit court entered a supplemental decree and final order that awarded Kimberly a $20,687.75 judgment against Thomas. On July 17, 2008, the circuit court entered a report Lof public sale where Kimberly purchased the certain real and personal property for $1,000. On July 17, 2008, the circuit court entered an order confirming the sale. After the sale of certain real and personal property contemplated in the supplemental decree, the judgment was reduced to $20,187.75. Pursuant to the March 6, 2008 order, the Jefferson County Circuit Clerk issued a writ of execution on October 27, 2011, directing appellee, Sheriff Gerald Robinson, to take possession and sell four vehicles owned by Thomas—a 1986 Chevrolet Corvette, a 1995 Ford Explorer, a 1996 Mercedes C Class, and a 1990 Volvo 740—to satisfy Thomas’s indebtedness to Kimberly. On November 14, 2011, Ollye Mae, who was not married to Thomas at the time, filed a motion to intervene, claiming that she had an ownership interest in three of the vehicles subject to the writ of execution. On December 6, 2011, the circuit court suspended the enforcement of the writ. On April 10, 2013 and June 4, 2013, respectively, the circuit court entered orders denying Ollye Mae’s motion to intervene with respect to the- Corvette; lifting the stay of the writ of execution; ordering the sheriff to proceed with seizing the four vehicles; and enjoining each party from disposing of, or removing from the court’s jurisdiction, any of the vehicles. Both the April 10, 2013 and June 4, 2013 orders indicate that a hearing was held on the motion to intervene. Ollye Mae timely appealed from the denial of the motion to intervene to the court of appeals, arguing that she was the owner of the vehicles, that her property had been taken without adequate compensation, and that Kimberly had become unjustly enriched. Robinson v. Miller, 2014 Ark. App. 144, 2014 WL 792024. Ollye Mae’s brief contained deficiencies, rebriefing was Isordered, and after rebriefing was ordered, on October 8, 2014, the court of appeals affirmed the circuit court based on noncompliance with Ark. Sup.Ct. R. 4-2. Robinson v. Miller, 2014 Ark. App. 539, at 2, 2014 WL 5034722. On March 25, 2015, in the same domestic relations case, Ollye Mae and Thomas filed a petition for replevin in the Jefferson County Circuit Court seeking possession of the four vehicles. In their complaint, they asserted that the judgment Thomas owed Kimberly was satisfied by the real and personal property awarded to Kimberly, and accordingly, the four vehicles had been wrongfully taken from them. On July 31, 2015, the circuit court entered an order dismissing with prejudice their replevin petition. The circuit court found that the petition was barred by the doctrines of law of the case, res judicata, and collateral estoppel; that Ollye Mae and Thomas lacked standing; and that the petition failed to state a cause upon which relief can be granted. The circuit court’s order stated in its entirety: ORDER OF DISMISSAL WITH. PREJUDICE A review of the file in the above-captioned matter reflects a petition for writ of replevin filed March 25, 2015 by Thomas Jones and Ollye Mae Robinson Jones. The file further reflects an answer to the petition for writ of replevin by Gerald Robinson, Jefferson County Sheriff; through his attorney, Jackie B. Harris. From a review of the pleadings and the entire file in this matter, the court finds that the petition for writ of replevin has been improperly brought before this court and is barred by the law of the case, due to an appeal to the Arkansas Court of Appeals which affirmed this court’s previous ruing. In addition, the court finds that this petition is barred by res judicata, collateral estoppel, lack of standing, and fails to state a claim upon which relief can be granted. THEREFORE, the petition for writ of replevin filed March 25, 2015 by Thomas Jones and Ollye Mae Robinson-Jones, be, and it hereby is dismissed with prejudice. UOllye Mae and Thomas timely appealed from the order dismissing with prejudice their replevin petition to the court of appeals, which summarily affirmed the circuit court. Jones v. Miller, 2016 Ark. App. 317, 2016 WL 3269999. On October 20, 2016, we granted Ollye Mae’s petition' for review. When this court grants a petition for review, we treat the appeal as if it had been originally filed in this court. McNutt v. Yates, 2013 Ark. 427, 430 S.W.3d 91. From the circuit court’s order, Ollye Mae and Thomas present one issue on appeal: whether the circuit court erred in finding that res judicata and collateral estoppel require dismissal of this case. Standard of Review Equity cases are reviewed de novo. See ConAgra, Inc. v. Tyson Foods, Inc., 342 Ark. 672, 30 S.W.3d 725 (2000). This means the entire case is open for review. Id. Findings of fact by the circuit court in equity cases are governed by our clearly erroneous standard. “Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the circuit court to judge the credibility of witnesses.” Ark. R. Civ. P. 52(a). In determining whether the circuit court clearly erred in a finding, the appellate court may look to the whole record to reach that decision. See ConAgra; Stehle v. Zimmerebner, 375 Ark. 446, 455-56, 291 S.W.3d 573, 580 (2009). Point on Appeal Res Judicata and Collateral Estoppel On appeal, Ollye Mae and Thomas challenge the circuit court’s ruling with regard to res judicata and collateral estop-pel. However, when a circuit court bases its decision on more |5than one independent ground, as the circuit court did here when it dismissed Ollye Mae and Thomas’s replevin petition, and Ollye Mae and Thomas challenge fewer than all those grounds on appeal, we will affirm without addressing any of the grounds. Evangelical Lutheran Good Samaritan Soc’y v. Kolesar, 2014 Ark. 279, at 6-7, 2014 WL 2814816; Duke v. Shinpaugh, 375 Ark. 358, 290 S.W.3d 591 (2009); Coleman v. Regions Bank, 364 Ark. 59, 216 S.W.3d 569 (2005); Pugh v. State, 351 Ark. 5, 89 S.W.3d 909 (2002); Pearrow v. Feagin, 300 Ark. 274, 778 S.W.2d 941 (1989). Here, Ollye Mae and Thomas address only two of the five grounds given by the circuit court in reaching its decision to dismiss the re-plevin complaint. They challenge the circuit court’s findings that res judicata and collateral estoppel bar her claim but do not challenge the circuit' court’s findings that the law of the case, the lack of standing, and the failure to state a claim also bar their claim. Because Ollye Mae and Thomas did not challenge all the grounds that the circuit court relied on in making its decision, we affirm without addressing the merits. Accordingly, we summarily affirm the circuit ⅝ court’s dismissal of Ollye Mae and Thomas’s replevin action. Affirmed; court of appeals’ opinion vacated.[2] I «Special Justice AJ Kelly joins in this opinion. Hart, J., dissents. Wynne, J., not participating. . Ollye Mae Robinson Jones notified the court via written letter that Thomas Jones had passed away on September 23, 2016. . From the record in this matter, it is clear that prior to filing her replevin action, Ollye Mae fully litigated her claim to the vehicles and therefore her replevin action is barred based on res judicata. See Jayel Corp. v. Cochran, 366 Ark. 175, 178, 234 S.W.3d 278, 281 (2006)(internal citations omitted) ("The doctrine of res judicata bars relitigation of a subsequent suit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. Res judicata bars not only the relitigation of claims that were actually litigated in the first suit, but also those that could have been litigated. Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies.’’).