W. J. STYERS et al v. Dalton NORTHERN et al

5-4349                    420 S. W. 2d 74

Opinion delivered November 6, 1967

J. B. Milham, for appellants.

Fred E. Briner, for appellees.

Conley Byrd, Justice. This case was here before, Styers v. Northern, 241 Ark. 1023, 411 S. W. 2d 296 (1967). Appellants W. J. Styers and Chloe Styers Lord appeal from the decree entered on the mandate, contending that it does not comply with our opinion. The decree entered by the trial court describes only a portion of the lands on which we held appellants were entitled to have their title quieted. It also gives appellee Davis an easement in perpetuity over a greater portion of the lands than was included in the agreement between appellant W. J. Styers and Davis's predecessor in title, Dr. Buffington.

The facts show that in 1929 appellant's son, W. A. Styers, acquired title to the tract of land now owned by appellee Davis under the following description:

Beginning 358 feet West of the East line and 15 feet South of the North line of Section 14, Township 2 South, Range 15 West, thence runs West ac-

cording to Section line 111 feet. Thence South according to Section line to the right of way of the St. Louis Iron Mountain and Southern Railway. Thence North Easterly along said right of way to a point exactly South of point of beginning according to Section line. Thence North to point of beginning.

Appellants acquired title to the tract of land in the East ½ of the Northeast ¼, Section 14. Township 2 South, Range 15 West, described as follows:

Beginning at a point which is 15 feet South and 499 feet West of the Northeast corner of said Section 14 and runs thence West according to Section line 100 feet; thence South to right of way of Missouri Pacific Railroad; thence Northeasterly along right of way to a point due South of point of beginning; and thence North to point of beginning.

In our opinion we held that the trial court erred in failing to quiet appellant's title to the 30-foot strip of land between the two above-described tracts, subject, however, to the easement by way of estoppel, with Dr. Buffington, respecting the concreted portion of the driveway.

Furthermore, as pointed out in our former opinion, the easement by estoppel in favor of Davis, as per the agreement between Mr. Styers and Dr. Buffington, runs only so long as the Davis tract is used for a service station. On this appeal appellants contend that the easement expires with the death of either Dr. Buffington or appellant Styers, but this matter is concluded by our previous opinion.

Therefore, the decree of the trial court entered June 1, 1967, is hereby set aside and this matter is reversed and remanded to the trial court with directions that title to the 30-foot strip north of the railroad tract be quieted in appellants, subject to the right of appellee Davis to

use same for driveway purposes so long as the service station is maintained on his premises. The order should further direct that the driveway shall also be kept open for the use and benefit of appellants.

Reversed and remanded.