

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–16–551

| | |
|---|---|
| LOIS PRICE<br>APPELLANT | **Opinion Delivered:** February 8, 2017 |
| V. | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CV-15-115-2] |
| PATRICK CARVER AND DANNA CARVER<br>APPELLEES | HONORABLE EDDY EASLEY, JUDGE |
| | DISMISSED WITHOUT PREJUDICE |

## RITA W. GRUBER, Chief Judge

Lois Price appeals the order of the Circuit Court of Hot Spring County that denied her petition to quiet title in a strip of land in Malvern, Arkansas, along a property line separating her lot from the lot of Patrick and Danna Carver. Ms. Price contends (1) that the circuit court's ruling was clearly erroneous because she proved her claim by adverse possession and (2) that she was denied due process because the court failed to provide a language interpreter for one of her witnesses. We dismiss the appeal for lack of a final order because the Carvers' counterclaim has not been resolved.

In response to Ms. Price's petition, the Carvers filed an answer and counterclaim. They stated in the counterclaim that the lawsuit was baseless and that they had suffered damages by being forced to hire counsel and to expend more than $2,000 to defend the property line. They prayed for dismissal of Ms. Price's cause of action, for judgment for "attorney's fees and costs and mental anguish experienced and expended as a result of the filing and initiation of this frivolous lawsuit," and for an order imposing sanctions for Ms.

SLIP OPINION

Price's "obvious abuse of process."

Ms. Price then filed an amended complaint. The Carvers filed a motion to dismiss her petition and an answer to her amended complaint, and Ms. Price filed a response to their motion to dismiss. At the conclusion of a hearing, the court converted the motion to dismiss to a motion for summary judgment and postponed a decision so that Ms. Price could respond to a pretrial brief the Carvers had filed the same morning. The court denied the summary-judgment motion by written order on January 26, 2016, finding that there were material issues of fact to be determined at trial.

The case proceeded to a bench trial. In an oral ruling at the trial's conclusion, the court denied Ms. Price's petition to quiet title. The court's written judgment, entered on March 9, 2016, reads in pertinent part:

> 1. The property line separating the parties in this cause of action [is] as outlined on the attached surveys of Hurley C. Clinton dated August 22, 2014 and Justin Randall West dated August 23, 2015. . . .
>
> 2. The Plaintiff has failed to establish any entitlement to damages and thus her prayer for damages is denied.
>
> 3. The Plaintiff has failed to meet her burden of proof to establish the claim of any portion of the Defendants' land as required by law in the State of Arkansas. Therefore the Plaintiff's Petition is denied.
>
> 4. Both parties' request for attorneys' fees is denied.

The question of whether an order is final and appealable is jurisdictional, and we are obligated to consider the issue on our own even if the parties do not raise it. *LaRue v. Ground Zero Constr., Inc.*, 2014 Ark. App. 93, at 4. The requirement that an order must be final and appealable is observed to avoid piecemeal litigation. *Id.* at 5. *See* Ark. R. App.

P.–Civ. 2(a)(1)(2016) (permitting an appeal from a final judgment or decree of the circuit court). An order is final if it dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Aceva Techs., LLC v. Tyson Foods, Inc.*, 2012 Ark. App. 382. *See also* Ark. R. App. P.–Civ. 3(e)(vi) (requiring appellant's or cross-appellant's notice of appeal to state that the party is abandoning any pending but unresolved claims).

An order is not final when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Bulsara v. Watkins*, 2010 Ark. 453. However, entry of a final judgment for fewer than all claims is allowed under the following circumstances:

> (1) Certification of Final Judgment. *When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim,* or when multiple parties are involved, *the court may direct the entry of a final judgment as to one or more but fewer than all of the claims* or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

> (2) Lack of Certification. *Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision,* however designated, *which adjudicates fewer than all the claims* or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims* or parties, *and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims* and the rights and liabilities of all of the parties.

Ark. R. Civ. P. 54(b)(1)&(2) (2016) (emphasis added). Here, the record contains neither a Rule 54(b) certificate nor a final order on the Carvers' cross-appeal. We have no jurisdiction to hear this case, and we therefore dismiss it without prejudice.

We take this opportunity to note that Ms. Price's brief fails to follow our briefing rules and, in some instances, contains errors and actual misstatements. An appellant's brief must follow the requirement that "[r]eference in the argument portion of the parties' briefs to

material found in the abstract and addendum shall be followed by a reference to the page number of the abstract or addendum at which such material may be found." Ark. Sup. Ct. R. 4–2(a)(7) (2016). Clearly, this requirement implicitly requires a party to direct the appellate court to the *correct* pages in the brief's abstract and addendum.

The statement of the case in Ms. Price's brief is replete with incorrect references to addendum pages on which rulings of the court, posttrial briefs, and even the notice of appeal should be found; additionally, the statement often lacks, or incorrectly cites, pages of abstracted testimony. The brief's argument section includes an "introduction" failing to indicate that certain statements are found in an affidavit and referencing an addendum page that does not comport with record pages. At argument page 4, statements regarding an affidavit and testimony by two witnesses refer to an abstract page with testimony by a different witness. At argument page 5, the following statement appears: "The Appellant and her predecessor believe that this fence indicated the property line. (R 227) (ADD 176)." Record page 227 is the affidavit of another person, and Add 176 is one page of a deed of trust. Pages 5 and 6 of the argument discuss the "attempted" testimony of Jacinto Ramos but lack reference to the abstract. Should Ms. Price again appeal after obtaining a 54(b) certificate, she should carefully follow Rule 4–2(a)(7) and take care that her brief does not contain deficiencies such as those we have listed—a list that is not to be taken as exhaustive.

Dismissed without prejudice.

GLADWIN and BROWN, JJ., agree.

*Wallace, Martin, Duke & Russell, PLLC*, by: *Valerie L. Goudie*, for appellant.

*Walthall Law Firm, P.A.*, by: *Cecilia Ashcraft*, for appellees.