MIKE MURPHY, Judge
A jury in Conway County, Arkansas, found the appellants, Hankook Tire Company, Limited, and Hankook Tire America Corporation (collectively referred to at times as Hankook) strictly liable for injuries that the appellee, Elmer Philpot, suffered after the failure of a Hankook tire caused him to lose control of the dump truck that he was driving on State Highway 9 in Conway County on July 6, 2010. Hankook raises six arguments for reversal. We dismiss without prejudice for lack of a final judgment.
This is the second attempted appeal in this case. We previously dismissed without prejudice Hankook's appeal from the circuit court's order imposing attorney's fees as a discovery sanction in Hankook Tire Co., Ltd. v. Philpot , 2016 Ark. App. 386, 499 S.W.3d 250. There, we held that the order awarding attorney's fees was not a final appealable order because it did not adequately certify that it was a final judgment under Ark. R. Civ. P. 54(b). Id. , at 7-8, 499 S.W.3d at 253-54. We dismiss this appeal because the circuit court's judgment is not final as to one of the defendants in the case.
Appellant Hankook Tire Company, Limited, manufactures tires in South Korea and Europe, and appellant Hankook Tire America Corporation distributes the tires in the United States. Appellee Elmer Philpot was driving a dump truck that had a Hankook tire installed on the right front wheel. The tire failed as Philpot was driving on State Highway 9 on July 6, 2010, causing him to lose control of the truck and crash into a drainage ditch on the side of the highway. Philpot suffered severe injuries when the force of the impact ejected him through the truck's windshield.
The case was initially filed in June 2012 in Conway County. Philpot later filed an amended complaint on March 14, 2014. Philpot alleged that Hankook manufactured the inherently defective steel-belted tire, "Hankook 385/65R 22.5 Super Single radial medium truck tire," and distributed it for sale in Arkansas. The tire was installed on the right front wheel of a 1985 Ford 9000 dump truck, which was loaded with gravel and which Philpot was driving when the tire tread belt failed. Philpot *557 alleged that Hankook was negligent in its design, testing, construction, and manufacture of the tire and in its failure to inspect the tire or warn of the defects that it knew or should have known to exist. Philpot further contended that the tire was unfit and unsafe for its intended use and purpose and that Hankook breached an implied warranty. Philpot also sued Kenneth Hedrick, his employer, and Tommy New, the owner of the truck, alleging that they were negligent for failing to properly inspect and maintain the tire for his use.[1] All the defendants alleged that Philpot's own negligence contributed to his injuries, and all sought, if necessary, apportionment of liability and damages among the defendants. Mr. Hedrick, in particular, filed a cross-claim seeking a judgment against Hankook "for contribution as per the uniform contribution among tortfeasor's act against [Hankook] and also for indemnity against Hankook."
The case proceeded to a six-day trial that concluded on September 8, 2016. Philpot introduced evidence to support his theory that the tire's failure was caused by manufacturing defects. At the close of Philpot's case, the circuit court granted a directed verdict in favor of one of the defendants, Kenneth Hedrick, finding that Philpot had failed to introduce sufficient evidence to support his theory that Mr. Hedrick negligently failed to properly maintain and inspect the dump truck.
During the defense case, Hankook introduced evidence to support its theory that the tire's failure was caused by a combination of improper maintenance and damage from an impact with an object on the road. At the close of all the evidence, Hankook and Mr. Hedrick mutually agreed to dismiss their cross-claims against each other.
The jury thereafter returned a verdict finding that Hankook and Hankook America were strictly liable for Philpot's injuries, apportioning 90 percent of the fault to Hankook and 10 percent of the fault to Hankook America. The jury rejected Philpot's negligence claims against both Hankook companies, as well as the owner of the truck, Tommy New. Consequently, the circuit court entered a judgment awarding Philpot $1,080,000 in damages against Hankook and $120,000 in damages against Hankook America. The judgment further provided that "the Complaint and Crossclaims against the Separate Defendant, Tommy New, are hereby denied." However, neither the judgment nor any other written order addresses Philpot's negligence claim against Mr. Hedrick or Mr. Hedrick's cross-claim against Hankook.
The question whether an order is final and appealable is jurisdictional, and this court is obligated to consider the issue on its own even if the parties do not raise it. Price v. Carver , 2017 Ark. App. 75, at 2, 513 S.W.3d 877, 879. The requirement that an order must be final and appealable is observed to avoid piecemeal litigation. Id. An order is final if it dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. Id. at 3, 513 S.W.3d 877, 513 S.W.3d at 879. An order is not final, therefore, when it adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties. Id. (emphasis added).
Entry of a final judgment for fewer than all claims is allowed, however, under the following circumstances:
(1) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or *558 third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment.
Ark. R. Civ. P. 54(b)(1) (2017). Here, the judgment does not conclude Philpot's negligence claim against Kenneth Hedrick or Mr. Hedrick's cross-claim against Hankook. There is likewise no certificate that complies with Rule 54(b)(1), and the directed verdict and voluntary dismissal were not reduced to a written order, as they must for the judgment to be final and appealable. See Yanmar Co., Ltd. v. Slater , 2011 Ark. App. 167, at 3-4, 2011 WL 715972. We therefore dismiss the appeal without prejudice, and we urge the parties to ensure, in the event of a future appeal, that these claims-and any others that may remain pending- are resolved by written order.[2]
We take this opportunity to also note that Hankook's addendum fails to comply with our rules. An appellant's addendum "shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Ark. Sup. Ct. R. 4-2(a)(8) (2017). Hankook's addendum omits several pleadings and fails to include orders that are relevant to this court's jurisdiction; namely, the orders dismissing defendants Bayou Transport and Still Kickin' Inc. from the case, see supra note 1, and partially granting Hankook's motion for summary judgment on various claims, including breach of warranty. The addendum also omits the jury's verdict forms. In order to comply with our rules, Hankook must include these documents, as well as any others bearing on our jurisdiction and other issues, in the addendum of any future appeal. The deficiencies we have noted are not to be taken as an exhaustive list, and we strongly encourage Hankook, in the event of a future appeal, to review the rules and to ensure that no other deficiencies are present in the addendum.
Dismissed without prejudice.
Gruber, C.J., and Glover, J., agree.

Additional defendants, Bayou Ridge Transport and Still Kickin' Inc. were dismissed from the case in an order entered on June 27, 2013.

The judgment also does address Hankook's alleged cross-claim against Mr. Hedrick. Even assuming that Hankook raised such a cross-claim, Hankook's abandonment of "any pending or unresolved claim" in its notice of appeal "operate[s] as a dismissal [of those claims] with prejudice effective on the date that the otherwise final order or judgment appealed from was entered." Ark. R. App. P.-Civ. 3(e)(vi) (2017).