Cite as 2020 Ark. App. 94

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-28

| | | |
|---|---|---|
| PAUL MINZE | | **Opinion Delivered:** February 12, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 08WCV-16-17] |
| V. | | |
| CITY OF EUREKA SPRINGS, ARKANSAS; AND THE EUREKA SPRINGS HISTORIC DISTRICT COMMISSION | | HONORABLE SCOTT JACKSON, JUDGE |
| | APPELLEES | |
| | | DISMISSED WITHOUT PREJUDICE |

## RAYMOND R. ABRAMSON, Judge

The Carroll County Circuit Court entered judgment in favor of appellees, the City of Eureka Springs, Arkansas, and the Eureka Springs Historic District Commission ("Eureka Springs") in a case brought by appellant, Paul Minze, regarding the placement of windows in Minze's historic home and a stop-work order that had been issued. Minze appealed. We must dismiss the appeal because we lack a final order.

On appeal, Minze contends the circuit court erred by sua sponte granting affirmative relief because Eureka Springs did not file any pleadings or motions requesting the relief that was granted by the court. Minze is the owner of a historic one-hudred-year-old home located at 35 Mountain Street in the Eureka Springs historic district. As part of the

renovation efforts of his home, Minze applied to the Eureka Springs Historic District Commission for permission to perform certain renovation work on his home.

At a meeting of the Eureka Springs Historic District Commission on January 21, 2015, Minze sent his contractor, Chris Bradley, to represent him and make his requests. One of the requests was to move a window at the home. Minze contends that he received certain limited permission from the Historic District Commission. Following the meeting, Minze's work crews moved the center window facing Mountain Street to line up with the other windows facing Mountain Street. Three commissioners noticed the new location of the window and subsequently had the building inspector and compliance officer issue a stop-work order, effectively ceasing all work on the home.

Minze then filed suit in the Carroll County Circuit Court regarding the window and the stop-work order. Eureka Springs filed its answer but did not file a counterclaim or other request for affirmative relief. At a hearing on September 5, 2018, Minze's attorney argued that Eureka Springs had never filed a counterclaim asking that the window be returned to what it thought was the original position.

In the court's September 26 order, from which this appeal is taken, the circuit court ordered Minze to return the center window to a position to be determined later. The order directed Eureka Springs to determine the future location of the window within ten days of the order. This appeal followed.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree that is entered by a circuit court. Although the parties did not raise the issue, the question of a final order is a jurisdictional

requirement that the appellate court raises on its own in order to avoid piecemeal litigation. *Hankook Tire Co., Ltd. v. Philpot*, 2018 Ark. App. 546, 564 S.W.3d 555. Arkansas Rule of Civil Procedure 54(b) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. Although Rule 54(b) provides a method by which the circuit court may direct entry of a final order as to fewer than all the claims or parties, when there is no compliance with those provisions, the order is not final, and we must dismiss the appeal. *Id.*

"For a [decree] to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy." *See Davis v. Davis*, 2016 Ark. 64, at 5, 487 S.W.3d 803, 807. It must also "put the court's directive into execution, ending the litigation or a separable part of it." *Id.* at 5–6, 487 S.W.3d at 807. A decree that contemplates further judicial action is not final. *See Moore v. Moore*, 2016 Ark. 105, at 3, 486 S.W.3d 766, 770.

The circuit court's order entered on September 26, 2018, reads, in pertinent part, as follows:

> 3. That the Plaintiff, Minze, shall timely, restore all windows, facing Mountain Street in his residence at 35 Mountain Street to their January, 2015 location(s) as determined by City within 10 days. Minze shall then have 10 days to object.

> 4. That should the Plaintiff and Defendants be unable to agree as to what locations are appropriate, this Court retains jurisdiction as to where the windows will be located.

> 5. That the Court further Orders that the parties seek mediation as to the issue of damages to the parties caused by this action. Should the parties be unable to agree as to the issue of any allowable damages, the Court further retains jurisdiction to hold further hearings, as needed to address this issue.

Because the circuit court's order expressly retained jurisdiction and, moreover, ordered mediation, and there is no certification pursuant to Rule 54(b) that would justify an immediate appeal, this court is without jurisdiction to review this appeal. An order merely announcing the court's determination of the rights of the parties but contemplating further judicial action is not appealable. *Shafer v. Estate of Shafer*, 2010 Ark. App. 476. "An order which establishes a plaintiff's right to recover, but leaves for future determination the exact amount of damages, is not final." *Keith v. Barrow-Hicks Extensions of Water Imp. Dist. No. 85*, 275 Ark. 28, 31, 626 S.W.2d 951, 953 (1982).

Here, the circuit court's order explicitly reads—in two separate paragraphs no less—that it was retaining jurisdiction, and it did not enter a Rule 54(b) certification. Therefore, this is not a final order, and we dismiss the appeal.

Dismissed without prejudice.

GRUBER, C.J., and MURPHY, J., agree.

*Parker Law Firm*, by: *Tim S. Parker*, for appellant.

*Timothy Monroe Weaver*, Eureka Springs City Attorney, for appellees.