Cite as 2020 Ark. App. 116

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-19-352

| | | |
|---|---|---|
| | | **Opinion Delivered:** February 19, 2020 |
| KELLY MULLINS | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-18-523] |
| V. | | |
| JOEL HELGREN | APPELLEE | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | | DISMISSED WITHOUT PREJUDICE |

## BART F. VIRDEN, Judge

Appellant Kelly Mullins appeals from the Garland County Circuit Court's order quieting title to the disputed land in her neighbor, appellee Joel Helgren. Because we do not have a final order, we dismiss this appeal without prejudice.

I. *Procedural History*

On April 9, 2018, Mullins filed a complaint against Helgren seeking to quiet title and for a preliminary and permanent restraining order. Alternatively, Mullins alleged that she had acquired the property through adverse possession or through boundary by acquiescence. She also sought damages for battery, trespass, and conversion.

On April 16, Helgren filed a motion to dismiss or, alternatively, an answer to Mullins's complaint. He also filed a counterclaim to quiet title, to enjoin Mullins from taking any action to damage the property or easement, and for damages pursuant to the cleanup

doctrine if Mullins does damage the property. Helgren also sought a declaratory judgment that his warranty deed is valid, that he has superior title to an easement, that he has the "right of first refusal" on the property, and that he is entitled to access his property on the existing road easement. Helgren also sought attorney's fees and expenses.

The trial court entered an order concluding that Mullins had failed to prove her case under any theory. The trial court made specific findings on each of the claims in Mullins's complaint, including a finding that the property line would "remain as written in their respective deeds according to Plaintiff's Exhibit #1 and Defendant's Exhibit [#]11 presented during the trial."[1] Mullins filed a timely notice of appeal.

## II. *Finality*

Whether an order is final and appealable is jurisdictional, and we are obligated to consider the issue on our own even if the parties do not raise it. *Price v. Carver*, 2017 Ark. App. 75, 513 S.W.3d 877. The requirement that an order must be final and appealable is observed to avoid piecemeal litigation. *Id.* An order is final if it dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Id.* An order is not final when it adjudicates fewer than all the claims or the

---

[1]In *Chiodini v. Lock*, 2010 Ark. App. 340, 374 S.W.3d 835, a case involving a boundary-line dispute, we affirmed the trial court's order but remanded, stating, "Even though the court's order mentions the Gorton survey, the order must describe the boundary with sufficient specificity that it can be identified solely by reference to the decree." *Id.* at 18–19, 374 S.W.3d at 845. Likewise, in *Whitecotton v. Owen*, 2016 Ark. App. 120, 487 S.W.3d 380, when the judgment referenced exhibits that set forth legal descriptions, we affirmed but remanded with instructions to include a specific legal description of the boundary that had been established.

rights and liabilities of fewer than all the parties, unless a certificate pursuant to Ark. R. Civ. P. 54(b) is attached to the order. *Id.*

As noted above, the trial court found that the property line is the original boundary in accordance with the parties' respective deeds. There was testimony at trial from a land surveyor, Kevin Foshee, that Mullins's driveway encroached on Helgren's property thirty feet north of Ragweed Valley Road and ten feet to the east, forming a triangle. Foshee explained that there was a strong magnetic signal underneath Mullins's paved driveway, which he believed to be a pin representing the southwest corner of Helgren's property. Helgren testified that he planned to construct a fence along the boundary line. The trial court did not specifically mention Helgren's counterclaim in its order.[2] While some of Helgren's claims were implicitly ruled on, the trial court's order does not completely resolve his claims with respect to the encroachment of Mullins's driveway. Helgren claimed "the right of first refusal" and asserted that he was entitled to use "the existing road easement" to access his property. Because we do not have a final order, we cannot address the merits at this time.

Dismissed without prejudice.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Niswanger Law Firm PLC*, by: *Stephen B. Niswanger*, for appellant.

*Tapp Law Firm, P.A.*, by: *Tyler C.M. Tapp III*, for appellee.

---

[2]The trial court also did not rule on Helgren's request for attorney's fees and expenses, but the grant or denial of attorney's fees is a collateral matter that does not affect finality for purposes of appeal. *Midwest Terminals of Toledo, Inc. v. Palm*, 2011 Ark. 81, 378 S.W.3d 761.