Cite as 2025 Ark. App. 62

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-612

| | |
|---|---|
| GLENDON BOBO AND DONNIE BOBO | Opinion Delivered February 5, 2025 |
| APPELLANTS | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT |
| V. | [NO. 29CV-18-250] |
| CODY RAY ASKEW, ASHLEE MICHAEL ASKEW, AND DORSEY RAY ASKEW | HONORABLE DUNCAN CULPEPPER, JUDGE |
| APPELLEES | AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS |

**STEPHANIE POTTER BARRETT, Judge**

Appellants, Glendon Bobo and Donnie Bobo ("Bobos"), appeal the Hempstead County Circuit Court's order finding that an easement by estoppel, an easement by implication, and an easement by necessity exist across their property for the benefit of the contiguous property owned in part by the appellees, Cody Askew, Ashlee Askew, and Dorsey Askew ("Askews") and in part by the Bobos. We affirm in part and remand with instructions.

Three separate tracts of land are involved in the litigation. In 1970, A.G. "Buck" Martin, Sr., owned a tract of land of approximately 445 acres. In 1970, Buck sold to his daughter, Mary Burns, what is known in this litigation as tract 1, a 13.25-acre parcel of land that was severed from his farm. The land he retained became known as the "heir" property and referred to in this opinion as tract 2. Buck continued to use a field road across tract one—his only means of ingress and egress—to reach his remaining 430-acre tract to ranch and farm the land that is the

subject of this suit until his death. When Buck died intestate, he left five children: Patricia Bobo; A.G. "Bud" Martin, Jr.; Martha Sue Powell; Mary Burns; and Rebecca Osburn. Martha Sue Powell was appellee Dorsey's mother, and Patricia was the Bobos' mother. In 2011, each child was allotted a 20 percent undivided interest in the land. Ultimately, the Bobos have a 15 percent undivided interest in tract 2, and the Askews have an 85 percent undivided interest in tract 2.

In 2011, Ashlee and Cody Askew purchased a tract of land (tract 3) just north of tract 2 from the Powells. The deed from the Powells to the Askews granted an easement, which went across timber-company property to what was designated as County Road 386 but was abandoned. The Askews attempted to obtain an irrevocable easement from the timber company but were denied. The easement across the timber-company property was underwater for much of the year and impassible, requiring the Askews to ford the low areas on a farm tractor with their children to get to school. A car or truck had to be left on the other side of the low areas during these times of the year. Posts along the roadbed showed the edges of the easement so the tractor could remain on the roadway in high water.

A. G. "Bud" Martin, Jr., acquired tract one from Cindy Burns, who had acquired it from Mary Burns. The Askews attempted to get an easement across tract 1 to reach their home. Bud would not sign the easement but gave them permission to cross tract 1 through tract 2 using the field road.

In 2015 and 2016, Cody Askew began to improve the field road on tracts 1 and 2. He brought in heavy equipment to build up the roadbed by dumping shale in the low areas, bringing in gravel, grading it, and installing culverts, drainage infrastructure, and gravel and clearing the

road of overgrowth and overhanging vegetation. At Cody's request, Glendon Bobo taught Cody how to operate the road grader he had purchased to build the road on tract 2. Cody spent $28,000 to $30,000 improving the road.

In 2018, the Bobos purchased tract 1 from their uncle, Bud, and continued to permit the Askews to cross tracts 1 and 2 to reach their home and provided them with a key to the gate off County Road 155 to do so. At that time, the Askews' children were being picked up by a school bus that traversed the roadway on tracts 1 and 2 to their home on tract 3, and mail was delivered via the same route. Glendon Bobo complained to the school, and in response, the school stopped picking up the Askew children. The Bobos then erected a new gate to stop the Askews from using the road on tract 2 and withheld the gate key. The Askews filed suit.

The circuit court found by a preponderance of the evidence that an access easement by implication exists across tract 1 for the benefit of tract 2. The circuit court also found that an access easement by necessity exists across tract 1 for the benefit of tract 2. Finally, the circuit court found that the Askews had developed an independent easement by estoppel across tracts 1 and 2 by virtue of his improvements, which were made with the owners' knowledge and permission. The circuit court found that the roadway designated on maps as County Road 386 was not a county road. No metes and bounds description of the easement granted was submitted by either party. The Bobos filed a timely appeal.

The Bobos argue four points on appeal: (1) evidence at trial does not entitle the Askews to an easement by necessity burdening any of the Bobos' lands; (2) the evidence at trial does not entitle the Askews to an easement by estoppel burdening any of the Bobos' lands; (3) any easement, whether by implication, necessity, or estoppel across tract 1 or the heirs property

cannot be in excess of the historical use, and the easements as granted create, in effect, a roadway open for the public at large; and (4) paragraph 3 of the circuit court's order is, on its face, wrong. The Bobos—defendants in the circuit court—never asked for any such relief.

We review cases that traditionally sound in equity de novo on the record, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Ridenoure v. Ball*, 2011 Ark. App. 63, 381 S.W.3d 101. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In reviewing a circuit court's findings, we give due deference to the circuit court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.* Disputed facts and determinations of witness credibility are within the province of the fact-finder. *Id.* It is our duty to reverse if our own review of the record is in marked disagreement with the circuit court's findings. *Id.*

In contrast to an easement by implication, "an easement by necessity . . . allows for a route of access where one previously did not exist." *Burdess v. United States*, 553 F. Supp. 646, 650 (E.D. Ark. 1982); *see also Powell v. Miller*, 30 Ark. App. 157, 162, 785 S.W.2d 37, 39. An easement by necessity arises when there could be no other reasonable mode of enjoying the dominant tenement without the easement. *Horton v. Taylor*, 2012 Ark. App. 469, 422 S.W.3d 202. The possibility of another, although inconvenient, route to appellants' property precludes the establishment of an easement by necessity. *Id.* The degree of necessity, thus, must be more than mere convenience. *Id.* To establish an easement by necessity, a party must prove (1) that at one time, one person held title to the tracts in question; (2) that unity of title was severed by conveyance of one of the tracts; and (3) that the easement is necessary in order for the owner of

4

the dominant tenement to use his land, with the necessity existing both at the time of the severance of title and at the time the easement is exercised. *Id.* An easement by necessity terminates with the cessation of the necessity that brought it into being. *Sluyter v. Hale Fireworks P'ship*, 370 Ark. 511, 262 S.W.3d 154 (2007).

To establish an easement by necessity, the Askews had to prove (1) that title to the tracts in question were once held by one person; (2) that unity of title was severed by conveyance of one of the tracts; and (3) that the easement is necessary in order for the owner of the dominant tenement to use his land, with the necessity existing both at the time of the severance of title and at the time the easement is exercised. *Hedger Bros. Cement & Materials, Inc. v. Stump*, 69 Ark. App. 219, 10 S.W.3d 926 (2000); *Edge v. Sutherland*, 2015 Ark. App. 305, at 9, 462 S.W.3d 690, 696.

The circuit court found that the Askews proved with undisputed evidence that tracts 1 and 2 were owned by Buck in 1970 when he severed the unity of title by conveying tract 1 to his daughter, Mary Burns. At that time, Buck retained tract 2, and having conveyed his land between tract 2 and Bois D'Arc Creek, he had no other access to tract 2 except by crossing tract 1. An easement by necessity burdening tract 1, therefore, existed at the time of severance. The necessity continues to exist for the Askews today.

The Bobos' argument was incorrectly focused on the fact that there was no unity of title between tracts 2 and 3 purchased by the Askews. This is true. However, there was unity of title between tracts 1 and 2 until the unity was severed when Buck sold tract 1 to his daughter, Mary Burns. The circuit court found an easement by necessity exists to cross tract 1 to get to tract 2. The circuit court further held:

5

[T]he undisputed testimony given by Cody clarified his northern means of access, what the parties had referred to as County Road 386, is not actually a county road, but rather the private property of a timber company, and therefore not open to the public. The timber company has refused to grant a permanent easement to Cody Askew. Considering these facts, Cody Askew has no legally enforceable means of ingress and egress for the Powell property, and the Court finds that a need for an easement exists from the Powell property to County Road 155. As such, in addition to the other conclusions herein, the Court concludes that the Powell property is entitled to an easement across the 430-acre tract (Tract 2) and Tract 1 along the existing roadway.

When the Bobos denied Cody's access across tracts 1 and 2, the Askews were forced to attempt to use the easement across the timber-company property. This ingress and egress proved to be unreasonable because the easement at times during the year was underwater, and Cody was forced to ford the creek and low-lying portions of the roadway in a tractor. This required him to leave a vehicle on the other side of the area that was underwater and use the tractor to move himself, his wife, and his children across the areas underwater. Cody testified that he was forced to drive T posts into the edges of the roadbed to keep his tractor between them to stay on the road when it was underwater as shown in his photographs admitted into evidence as exhibits 5, 6, and 7. Under these facts, we cannot say that this finding of an easement of necessity was clearly erroneous.

The Bobos' second point on appeal is that the circuit court erred in finding an easement by estoppel. In *Taylor v. Eagle Ridge Developers, LLC*, 71 Ark. App. 309, 29 S.W.3d 767 (2000), we discussed the doctrine of estoppel and stated that a promise, which the promisor should reasonably expect to induce action on the part of the promisee or a third person and that does induce such action, is binding if injustice can be avoided only by enforcement of the promise. *Id.* at 313, 29 S.W.3d at 769. We also held that estoppel may prevent the application of the statute of frauds. *Id.* at 315, 29 S.W.3d at 771; *see also Waterall v. Waterall*, 85 Ark. App. 363,

155 S.W.3d 30 (2004). Our courts have further recognized the existence of easements by estoppel. *See generally Forrest Constr., Inc. v. Milam*, 345 Ark. 1, 43 S.W.3d 140 (2001); *Styers v. Northern*, 243 Ark. 429, 420 S.W.2d 74 (1967); *see also* 25 Am. Jur. 2d *Easements and Licenses* § 14 (2004) (stating that one who attempts to create an easement by estoppel must show that a representation was communicated to the promisee, that the representation was believed, and that there was reliance on the communication).

Our courts have often set forth the four elements necessary to establish estoppel: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that the conduct be acted on or must act so that the party asserting estoppel had the right to believe it was so intended; (3) the party asserting estoppel must be ignorant of the facts; and (4) the party asserting estoppel must rely on other's conduct and be injured by that reliance. *Johnson v. Encompass Ins. Co.*, 355 Ark. 1, 130 S.W.3d 553 (2003); *Am. Cas. Co. of Reading, Pa. v. Hambleton*, 233 Ark. 942, 349 S.W.2d 664 (1961).

The Bobos argue that there is insufficient proof that an easement by estoppel is present in this case. When the law on estoppel is considered in its entirety, we agree with the circuit court that the Bobos should be estopped to deny the easement in this case. The roadway had been used for decades to go across what are now tracts 1 and 2, which were part of a single tract before tract 1 was severed from tract 2 in 1970. The Askews were given permission to cross tracts 1 and 2 by the Bobos' predecessor in title, Bud Martin, in 2011. When the Bobos purchased the property from Bud in 2018, they did not revoke that permission and continued to permit the Askews to use the roadway. The Bobos knew Cody Askew began improving the roadway in 2015 at his own expense to reach his home on tract 3 and never raised any objection

7

to his improving the road and assisted in the construction by teaching him how to operate the road grader. Cody justifiably believed he had permission from his cousins to use and improve the roadway and began improving the road at great expense, which he would not have done if he did not believe he had permission. Moreover, the Askews, in good faith, relied on the permission of the Bobos and their predecessor in title allowing him to access tract 3 by traversing tract 1 and tract 2. A party who induces another to engage in conduct or dealings he would not have entered into but for such misleading conduct will not be allowed, because of estoppel, to afterward assert his right to the detriment of the person so misled. *Ramsey v. Ramsey*, 43 Ark. App. 91, 861 S.W.2d 313 (1993). In light of these circumstances, we cannot say the circuit court erred in finding an easement by estoppel.

For their third point on appeal, the Bobos argue that any easement—whether by implication, necessity, or estoppel—across tract 1 or tract 2 cannot be in excess of the historical use. The easements as granted create, in effect, a roadway open for the public at large. This argument is being raised for the first time on appeal. It is well settled that this court does not consider arguments raised for the first time on appeal, and a party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Exigence, LLC v. Baylark*, 2010 Ark. 306, at 10, 367 S.W.3d 550, 555.

For their fourth point on appeal, the Bobos argue that the circuit court awarded the Bobos relief they did not ask for. Paragraph 3 of the order states:

> 3. The Plaintiffs' right to ingress and egress along the existing easement and right of way is for the Defendants, Defendants' family, Defendants' guests, school buses, emergency vehicles, mail vehicles and similar vehicles to traverse the easement. The Plaintiffs shall be responsible for maintaining the easement where it currently exists and

shall have the right to cross the easement from both ends of the property to maintain the easement.

It is also clear that the circuit court misidentified the parties and that the court referred to "Defendants" instead of "Plaintiffs" in paragraph 3 of the order. Allowing this use of the roadway by either the named persons or government vehicles does not constitute a grant of use to the general public, and is sufficient to maintain the historical character of the easements granted to the Askews while protecting the rights of the Bobos. Here, the court was careful to limit the scope of the use of the easement to the use of the dominant tenements. Given the record before it and the court's reasoning, the limitation of use was within the reasonable historical use of the road and was not clearly erroneous.

Although finality was not an issue raised by the parties, whether an order is final and appealable is jurisdictional, and we are obligated to consider the issue on our own even if the parties do not raise it. *Price v. Carver*, 2017 Ark. App. 75, 513 S.W.3d 877. We have explained that our case law requires a circuit court's order to fix and describe the boundary lines in a dispute between landowners to discourage piecemeal litigation. *Petrus v. Nature Conservancy*, 330 Ark. 722, 726, 957 S.W.2d 688, 690 (1997); *McEntire v. Robinson*, 243 Ark. 701, 421 S.W.2d 877 (1967). In a long line of cases, this court has held that a circuit court's decree must describe the boundary line between disputing landowners with sufficient specificity that it may be identified solely by reference to the decree. *Petrus*, 330 Ark. at 725, 957 S.W.2d at 689; *Riddick v. Streett*, 313 Ark. 706, 858 S.W.2d 62 (1993); *see also Harris v. Robertson*, 306 Ark. 258, 813 S.W.2d 252 (1991); *Rice v. Whiting*, 248 Ark. 592, 452 S.W.2d 842 (1970); *McEntire v. Robinson*, 243 Ark. 701, 421 S.W.2d 877 (1967). However, we have also noted that when a decree does

not describe a prescriptive easement with sufficient specificity so that it can be identified solely by reference to the decree, we may remand for the circuit court to amend the decree and provide the easement's legal description. *Johnson v. Jones*, 64 Ark. App. 20, 28, 977 S.W.2d 903, 907 (1998); *see Rice*, 248 Ark. 592, 452 S.W.2d 842; *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). We have affirmed, without raising finality, where a decree described a prescriptive easement by map or exhibit and remanded with further instructions to provide a more detailed legal description. *See Branscum v. Nelson*, 2022 Ark. App. 354, at 10–11, 654 S.W.3d 343, 350; *River Bar Farms, L.L.C. v. Moore*, 83 Ark. App. 130, 133, 118 S.W.3d 145, 147 (2003). Therefore, while we affirm the circuit court's order finding an easement, we remand to the circuit court with instructions to amend the 9 June 2023 order to include a legal description of the easement.

Affirmed in part; remanded with instructions.

MURPHY, J., agrees.

HIXSON, J., concurs without opinion.

*Wm. Randal Wright*, for appellants.

*Mann & Kemp, PLLC*, by: *Harrison Kemp*, for appellees.